UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| THE STATE OF TENNESSEE, *et al.*, | Case No. 3:21-cv-00308 |
| Plaintiffs, | District Judge Charles E. Atchley, Jr. |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, | |
| Defendants. | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully provide this Notice of Supplemental Authority to inform the Court of a recent Sixth Circuit opinion that bears on several questions relevant to the pending motions in this case. *See* ECF Nos. 10, 49.

In *Arizona v. Biden*, No. 22-3272, 2022 WL 1090176, __F.4th__ (6th Cir. 2022), the Sixth Circuit granted the Government's petition to stay a nationwide preliminary injunction that had prohibited the Department of Homeland Security (DHS) from relying on a guidance document ("Guidance") setting forth DHS policies and priorities regarding the enforcement of civil immigration laws. The Guidance at issue in the case established aggravating and mitigating factors to be considered by immigration officers when determining whether to apprehend and remove non-citizens who had committed crimes. The Sixth Circuit found that a stay was merited because the plaintiff states had not established that they were likely to succeed on the merits of the suit. As relevant here, the court found that the plaintiff states (Arizona, Montana, and Ohio) had failed to make a strong showing that

they had standing, that their challenge to the Guidance was reviewable under the APA, and that the Guidance should have been issued pursuant to notice and comment rulemaking. *Id.* at *1-9.

With respect to standing, the court noted that "the Guidance does not directly injure the States. It does not regulate the States by telling them what they can or cannot do in their jurisdiction. And it does not purport to preempt any state or local law[.]" *Id.* at *2. The court also found that it is "speculative whether and how" the states would be injured by the Guidance, because the Guidance merely set factors for consideration—it "never *requires* agents to detain some noncitizens over others." *Id.* The court noted that the plaintiff states' asserted injuries "hinge[d] on the response" of the individual immigration officers on how to interpret the Guidance, and that this fact rendered any injury-in-fact uncertain. *Id.* at 3 (where "an injury turns on choices made by others . . . the States have a burden to show that 'those choices have been or will be made.'") (citing, *inter alia*, *Trump v. New York*, 141 S. Ct. 530 (2020)). The court also rejected the plaintiff States' invocation of a quasi-sovereign interest that could support their standing. Specifically, the court noted that *Massachusetts v. EPA* did not dispense with a state's requirement to demonstrate standing, and that "indirect fiscal burdens" that may flow from the Guidance were not "uniquely sovereign harm[s]," because injuries "capable of estimate in money" are not unique to sovereigns. *Id.* (quoting *Massachusetts v. EPA*, 549 U.S 497, 518-19 (2007)).

The Sixth Circuit also found the Guidance was not likely reviewable final agency action under the APA, because it was not an action "by which rights or obligations have been determined, or from which legal consequences will flow." *Id.* at 4 (citing *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597 (2016)). Noting, *inter alia*, that the Guidance did not "compel an action to be taken or not taken," and that it included language making clear that it "is not intended to, does not, and may not be relied upon to create any right or benefit," the court concluded that the Guidance "has the telltale signs of a non-binding policy statement." *Id.* at 5. Consequently, it was "difficult to see how any

2

noncitizen—or any person at all—could invoke it to establish legal protection." Nor did the final agency action inquiry "turn on whether [the Guidance] controls employees of the department"— otherwise "all administrative policy interpretations of federal laws . . . would be reviewable." *Id.* at 6. Similarly, because the Guidance did not legally "affect individual rights and obligations," the court found that the document was not subject to notice and comment. *See id.* at 9 (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 302 (1979)) (internal punctuation and citation omitted).

The court also found that the other relevant factors militated in favor of a stay. The preliminary injunction caused "irreparable harm to the Department by interfering with its authority to exercise enforcement discretion and allocate resources toward this administration's priorities," and it was "hard to see how lifting the injunction pending appeal will result in substantial and distinct injuries to the three States." *Id.* Moreover, to the extent the Guidance would result in "costs on [the States] that are difficult to recover . . . the extent of those costs is filled with ifs and maybes," particularly since the Guidance did not affect the underlying enforcement authority of DHS. *Id.* Thus, the court concluded that the public interest favored the Federal Government. *Id.*

3

Dated: April 27, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

CARLOTTA WELLS
Assistant Director, Federal Programs Branch

/s/ *Martin M. Tomlinson*
CHRISTOPHER R. HEALY
MICHAEL DREZNER
MARTIN TOMLINSON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-4556
Email: martin.m.tomlinson@usdoj.gov

*Counsel for Defendants*