UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| THE STATE OF TENNESSEE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:21-cv-00308 |
| UNITED STATES DEPARTMENT OF ) | |
| EDUCATION, et al., ) | |
| ) | |
| Defendants. ) | |

## RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully provide this Response to Defendants' Notice of Supplemental Authority regarding *Arizona v. Biden*, No. 22-3272, 2022 WL 1090176, __F.4th__ (6th Cir. Apr. 12, 2022). Over two weeks before the Notice, the Sixth Circuit granted a stay pending appeal of a nationwide preliminary injunction of a memorandum that the Secretary of Homeland Security "issued to his deputies outlining the Department's immigration enforcement priorities and policies." *Id.* at *1. This Court should take the author of the order's advice and consider its application here "with a grain of adjudicative salt" considering the substantial differences between this case and that immigration one. *Id.* at *10 (Sutton, C.J., concurring).

***First,*** the States in *Arizona* did "not protest regulation of them as States or preemption of local lawmaking authority." *Id.* at *4 (order). But that is a central aspect of the harm to Plaintiff States in this case. Defendants understand this distinction. Indeed, since the argument in November 2021, the Biden Administration has repeatedly emphasized its commitment to "combatting" what it calls "legislative attacks on transgender kids at the state level." White House, *Fact Sheet: Biden-Harris Administration Advances Equality and Visibility for*

1

*Transgender Americans* (Mar. 31, 2022), https://www.whitehouse.gov/briefing-room/statements-releases/2022/03/31/fact-sheet-biden-harris-administration-advances-equality-and-visibility-for-transgender-americans/. President Biden has told the American public that "the onslaught of anti-transgender laws . . . is simply wrong" and that his "administration is standing up . . . against all these hateful bills." White House, *President Biden on Transgender Day of Visibility 2022* (Mar. 31, 2022), https://www.youtube.com/watch?v=8wCjz2SIYVo. Because Congress has declined the Biden Administration's call to rewrite Title VII and Title IX, Defendants are "expanding Federal non-discrimination protections" through acts such as these regulations masquerading as mere guidance. White House, *A Proclamation on Transgender Day of Visibility, 2022* (Mar. 30, 2022), https://www.whitehouse.gov/briefing-room/presidential-actions/2022/03/30/a-proclamation-on-transgender-day-of-visibility-2022/; *see Arizona*, 2022 WL 1090176, at *6 ("Labels, it is true, do not control the inquiry. Legal effects do.").

The Sixth Circuit's order in *Arizona* emphasized that it would "not overlook whether the agency's action puts a party to a 'Catch-22,' stuck between heavy compliance costs or feared liability, neither of which can be undone." 2022 WL 1090176, at *5. Yet that is precisely the situation Tennessee and other Plaintiff States find themselves in. As one example, during the recently concluded session of the Tennessee General Assembly, the legislature considered a bill that would protect teachers who use pronouns consistent with students' biological sex. *See* H.B. 2633/S.B. 2777, 112th Gen. Assem. (2022). The Tennessee House of Representatives voted 67–25 in favor of the bill. But the bill stalled out in the Senate Finance Committee. The General Assembly's Fiscal Review Committee, quoting extensively from the U.S. Department of Education guidance challenged in this case, concluded that Title IX now "prohibits recipients of federal financial assistance from discriminating based on sexual orientation and gender identity in their education programs and activities" and placed a $5,385,248,493 fiscal note on the bill.

2

Tenn. Gen. Assem. Fiscal Rev. Comm., *Fiscal Memorandum HB 2633 - SB 2777* (Mar. 7, 2022), https://www.capitol.tn.gov/Bills/112/Fiscal/FM2118.pdf.

Defendants' strongarming of Plaintiff States is even more egregious considering the U.S. Supreme Court's recent reassertion in *Cameron v. EMW Women's Surgical Center, P.S.C.*, that "[p]aramount among the States' retained sovereign powers is the power to enact and enforce any laws that do not conflict with federal law." 142 S. Ct. 1002, 1011 (2022). A State's "opportunity to defend its laws in federal court" and to exercise its sovereign power to enact laws governing its own citizens "should not be lightly cut off." *Id.* After all, "a State 'clearly has a legitimate interest in the continued enforceability of its own statutes.'" *Id.* (quoting *Maine v. Taylor*, 477 U.S. 131, 137 (1986)).

***Second,*** a major component of the Sixth Circuit's analysis was its consideration of the "considerable discretion baked into the immigration system." *Arizona*, 2022 WL 1090176, at *6. The Sixth Circuit reasoned that "Congress did not remove all discretion from the Department in making removal and detention decisions." *Id.* at *5. Nevertheless, the panel acknowledged its "approach does not apply when Congress, as opposed to the agency, sets all of the marching orders." *Id.* Here, Congress specified in Title VII and Title IX that it was prohibiting discrimination "because of . . . sex," 42 U.S.C. § 2000e-2, and "on the basis of sex," 20 U.S.C. § 1681(a). Congress never gave Defendants authority to rewrite those statutes to encompass discrimination because of or on the basis of gender identity or sexual orientation.

***Third,*** the Sixth Circuit's opinion in *Arizona* is not a prohibition on injunctions that apply to parties outside the geographic bounds of the Circuit. Chief Judge Sutton emphasized that he did "not take issue with the court's decision to extend the remedy beyond the Southern District of Ohio as to the three state claimants." *Arizona*, 2022 WL 1090176 at *10 (Sutton, C.J., concurring). He simply found the nationwide injunction "especially troubling in the domain of

3

immigration law." *Id.* at *11. As Plaintiff States previously argued, Defendants should be preliminarily enjoined, at a minimum, from enforcing the challenged guidance against Plaintiffs.

Dated: May 3, 2022

Respectfully submitted,

/s/ Matthew D. Cloutier (BPR # 036710)
HERBERT H. SLATERY III
  *Attorney General and Reporter of Tennessee*
ANDRÉE S. BLUMSTEIN
  *Solicitor General*
CLARK L. HILDABRAND
BRANDON J. SMITH
  *Assistant Solicitors General*
MATTHEW D. CLOUTIER
  *Assistant Attorney General*
Office of the Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
(615) 741-7908
Matt.Cloutier@ag.tn.gov
**Counsel for State of Tennessee**

/s/ A. Barrett Bowdre
STEVE MARSHALL
  *Attorney General of Alabama*
A. BARRETT BOWDRE*
  *Deputy Solicitor General*
State of Alabama
Office of the Attorney General
501 Washington Ave.
Montgomery, AL 36130
(334) 242-7300
Barrett.Bowdre@AlabamaAG.gov
**Counsel for State of Alabama**

/s/ Kate B. Sawyer
MARK BRNOVICH
  *Attorney General of Arizona*
KATE B. SAWYER*
  *Assistant Solicitor General*
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, AZ 85004
(602) 542-8304
Kate.Sawyer@azag.gov
**Counsel for State of Arizona**

4

/s/ Cori M. Mills
TREG R. TAYLOR
*Attorney General of Alaska*
CORI M. MILLS*
 *Deputy Attorney General*
State of Alaska
P.O. Box 110300
Juneau, AK 99811
(907) 465-3600
cori.mills@alaska.gov
***Counsel for State of Alaska***

/s/ Nicholas J. Bronni
LESLIE RUTLEDGE
 *Attorney General of Arkansas*
NICHOLAS J. BRONNI*
 *Solicitor General*
Office of the Arkansas Attorney General
323 Center St., Suite 200
Little Rock, AR 72201
(501) 682-6307
nicholas.bronni@arkansasag.gov
***Counsel for State of Arkansas***

/s/ Drew F. Waldbeser
CHRISTOPHER M. CARR
 *Attorney General of Georgia*
STEPHEN J. PETRANY
 *Solicitor General*
DREW F. WALDBESER*
 *Deputy Solicitor General*
Office of the Georgia Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334
(404) 458-3378
dwaldbeser@law.ga.gov
***Counsel for State of Georgia***

s/ W. Scott Zanzig
LAWRENCE G. WASDEN
 *Attorney General of Idaho*
W. SCOTT ZANZIG*
 *Deputy Attorney General*
Office of the Idaho Attorney General
P.O. Box 83720
Boise, ID 83720
(208) 332-3556
scott.zanzig@ag.idaho.gov
***Counsel for State of Idaho***

/s/ Thomas M. Fisher
THEODORE E. ROKITA
 *Attorney General of Indiana*
THOMAS M. FISHER*
 *Solicitor General*
Office of the Indiana Attorney General
IGC-South, Fifth Floor
302 West Washington St.
Indianapolis, IN 46204
(317) 232-6255
Tom.Fisher@atg.in.gov
***Counsel for State of Indiana***

/s/ Kurtis K. Wiard
DEREK SCHMIDT
 *Attorney General of Kansas*
KURTIS K. WIARD*
 *Assistant Solicitor General*
Office of the Kansas Attorney General
120 S.W. 10th Ave.
Topeka, KS 66612
(785) 296-2215
kurtis.wiard@ag.ks.gov
***Counsel for State of Kansas***

/s/ Marc Manley
DANIEL CAMERON
  *Attorney General of Kentucky*
MARC MANLEY*
  *Assistant Attorney General*
COURTNEY E. ALBINI
  Assistant Solicitor General
Office of the Kentucky Attorney General
700 Capital Ave., Suite 118
Frankfort, KY 40601
(502) 696-5300
Marc.Manley@ky.gov
***Counsel for Commonwealth of Kentucky***

/s/ Elizabeth B. Murrill
JEFF LANDRY
  *Attorney General of Louisiana*
ELIZABETH B. MURRILL*
  *Solicitor General*
J. SCOTT ST. JOHN*
  *Deputy Solicitor General*
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6766
emurrill@ag.louisiana.gov
stjohnj@ag.louisiana.gov
***Counsel for State of Louisiana***

/s/ Justin L. Matheny
LYNN FITCH
  *Attorney General of Mississippi*
JUSTIN L. MATHENY*
  *Deputy Solicitor General*
State of Mississippi
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205
(601) 359-3680
justin.matheny@ago.ms.gov
***Counsel for State of Mississippi***

/s/ D. John Sauer
ERIC S. SCHMITT
  *Attorney General of Missouri*
D. JOHN SAUER*
  *Solicitor General*
Office of the Missouri Attorney General
P.O. Box 899
Jefferson City, MO 65102
(573) 751-8870
John.Sauer@ago.mo.gov
***Counsel for the State of Missouri***

/s/ Christian B. Corrigan
AUSTIN KNUDSEN
  *Attorney General of Montana*
DAVIS M.S. DEWHIRST
  *Solicitor General*
CHRISTIAN B. CORRIGAN*
  *Assistant Solicitor General*
Office of the Montana Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620
(406) 444-2707
Christian.Corrigan@mt.gov
***Counsel for State of Montana***

/s James A. Campbell
DOUGLAS J. PETERSON
  *Attorney General of Nebraska*
JAMES A. CAMPBELL*
  *Solicitor General*
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
(402) 471-2682
jim.campbell@nebraska.gov
***Counsel for State of Nebraska***

/s/ Benjamin M. Flowers
DAVE YOST
  *Attorney General of Ohio*
BENJAMIN M. FLOWERS*
  *Solicitor General*
Office of the Ohio Attorney General
30 E. Broad St., 17th Floor
Columbus, OH 43215
(614) 446-8980
bflowers@OhioAGO.gov
***Counsel for State of Ohio***

/s/ Zach West
JOHN M. O'CONNOR
  *Attorney General of Oklahoma*
ZACH WEST*
  *Assistant Solicitor General*
Office of the Attorney General
State of Oklahoma
313 N.E. 21st St.
Oklahoma City, OK 73105
(405) 522-4798
Zach.West@oag.ok.gov
***Counsel for State of Oklahoma***

/s/ J. Emory Smith, Jr.
ALAN WILSON
  *Attorney General of South Carolina*
J. EMORY SMITH, JR.*
  *Deputy Solicitor General*
Office of the South Carolina Attorney General
P.O. Box 11549
Columbia, SC 29211
(803) 734-3680
esmith@scag.gov
***Counsel for State of South Carolina***

/s/ Jason R. Ravnsborg
JASON R. RAVNSBORG*
  *Attorney General of South Dakota*
Office of the South Dakota Attorney General
1302 East Highway 14, Suite 1
Pierre, SD 57501
(605) 773-3215
Jason.Ravnsborg@state.sd.us
***Counsel for State of South Dakota***

/s/ Lindsay S. See
PATRICK MORRISEY
  *Attorney General of West Virginia*
LINDSAY S. SEE*
  *Solicitor General*
Office of the West Virginia Attorney General
State Capitol Bldg. 1, Room E-26
Charleston, WV 25305
(681) 313-4550
lindsay.s.see@wvago.gov
***Counsel for State of West Virginia***

**\* Admitted Pro Hac Vice**