UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| THE STATE OF TENNESSEE, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) Case No. 3:21-cv-00308 |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

In conjunction with Plaintiff States' pending motion for preliminary injunction filed on September 2, 2021, and argued on November 3, 2021, Plaintiffs respectfully provide this Notice of Supplemental Authority regarding the U.S. Department of Education's notice of proposed rulemaking on Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance ("Notice of Proposed Rulemaking"; attached as "Attachment A"), which the Department issued on June 23, 2022.[1]  This proposed rulemaking confirms what Plaintiff States have argued:  The Department has *already* attempted to rewrite Title IX through its Interpretation and Fact Sheet to prohibit discrimination on the basis of sexual orientation and gender identity.  We encourage this Court to grant Plaintiff States' pending preliminary injunction motion to protect the States and their citizens from continued federal threats and to deny Defendants' motion to dismiss, just as the U.S. District Court for the Northern District of Texas did last month.  *Texas v. EEOC*, No. 2:21-CV-194-Z (N.D. Tex. May 26, 2022).

---

[1] The Department has published the Notice of Proposed Rulemaking online but has not yet filed it in the Federal Register.

1

Throughout the Notice of Proposed Rulemaking, the Department relies on the challenged Interpretation, which the Department terms the "Notice of Interpretation," as standing for the proposition that Title IX *already* prohibits discrimination on the basis of sexual orientation and gender identity. The Department begins by explaining how its Office for Civil Rights published the "Notice of Interpretation in the *Federal Register*" in June 2021 "to state explicitly that Title IX's prohibition on sex discrimination encompasses discrimination on the basis of sexual orientation and gender identity." Notice of Proposed Rulemaking at 20-21.

The Notice of Proposed Rulemaking relies on the Interpretation and its legal analysis as the final, authoritative word on the meaning of Title IX. *See id.* at 518-19. According to the Department, the Interpretation "clarif[ied] that Title IX's prohibition on sex discrimination encompasses discrimination on the basis of sexual orientation and gender identity" and that the Supreme Court's Title VII "reasoning in *Bostock* applies to Title IX." *Id.*; *see also id.* at 524 (explaining again how the Interpretation "clarif[ied] that, in light of the Supreme Court's decision in *Bostock*," the Department "interprets Title IX's prohibition on sex discrimination to encompass discrimination on the basis of sexual orientation"); *id.* at 525 (same for gender identity).

The Department treats the Interpretation with such reverence that it rises, in the Department's view, to the authority of federal caselaw: "The proposed regulations are consistent with OCR's 2021 Bostock Notice of Interpretation and the interpretation of Federal courts that have applied *Bostock* to Title IX." *Id.* at 526. Indeed, with the Interpretation in hand, the Notice of Proposed Rulemaking ignores caselaw that undermines its analysis. The Department mentions neither *Meriwether v. Hartop*, 992 F.3d 492, 510 n.4 (6th Cir. 2021) ("[I]t does not follow that principles announced in the Title VII context automatically apply in the Title IX context."), nor the recent denial of the federal government's motion to dismiss in *Texas v. EEOC*. And the only

2

mention of how the Eleventh Circuit vacated and superseded and then vacated for rehearing en banc its decision in *Adams v. School Board of St. Johns County*, 968 F.3d 1286 (11th Cir. 2020), comes in a paragraph belittling the Department's earlier memorandum that (correctly) explained why the original decision in *Adams* was unreliable. Notice of Proposed Rulemaking at 518 (citing *Adams v. Sch. Bd. of St. Johns Cnty.*, 968 F.3d 1286 (11th Cir. 2020), *vacated and superseded*, 3 F.4th 1299 (11th Cir. 2021), *reh'g en banc pending*, 9 F.4th 1369 (11th Cir. 2021)).

The Department's decision to ignore *Meriwether* in the Notice of Proposed Rulemaking is even more troubling given the Notice of Proposed Rulemaking's declaration that sex-based harassment includes harassment based on sexual orientation and gender identity. *Id.* at 657, 666. The Fact Sheet challenged in this case explains what the Department now counts as harassment. According to the Fact Sheet, harassment based on sexual orientation or gender identity can include everything from not using (biologically inaccurate) preferred pronouns to not allowing a (biological) boy to use the girls' restroom or to try out for a girls' athletic team. U.S. Dep't of Justice & U.S. Dep't of Educ., *Confronting Anti-LGBTQI+ Harassment in Schools*, https://bit.ly/3sQjZnM.[2] *Meriwether* at least cast doubt on the Department's approach to preferred pronouns and its interpretation of Title IX. But the Department does not care because it views its Interpretation and Fact Sheet as trumping *Meriwether*.

Plaintiff States encourage this Court to act because, as the Notice of Proposed Rulemaking shows, the federal government continues to rely on the Department's Interpretation and Fact Sheet and the EEOC Document to threaten States with lawsuits and loss of funding if they do not comply with the federal government's unlawful rewriting of civil rights laws. As

---

[2] While the Notice of Proposed Rulemaking purports to leave the issue of athletics to a later day, the Interpretation and Fact Sheet make clear that the Department has *already* attempted to rewrite Title IX and effectively abandoned its longstanding regulations that expressly allow "separate teams for members of each sex" in many contexts. 34 C.F.R. § 106.41(b).

3

Plaintiffs pointed out in response to Defendants' earlier notice of supplemental authority, the challenged guidance has bullied States into reconsidering otherwise lawful legislation and practices. Response to Notice of Supplemental Authority at 2-3 (PageID #1163-63). For example, the Department's challenged guidance led to a $5,385,248,493 fiscal note—the loss of all Title IX funding—on Tennessee legislation that would have protected teachers who use pronouns consistent with students' biological sex. *See* H.B. 2633/S.B. 2777, 112th Gen. Assem. (2022); Tenn. Gen. Assem. Fiscal Rev. Comm., *Fiscal Memorandum HB 2633 - SB 2777* (Mar. 7, 2022), https://www.capitol.tn.gov/Bills/112/Fiscal/FM2118.pdf. A representative of the ACLU of Tennessee, responding to a Senator's question about the "legal ramifications" of the bill, also cited the challenged Department of Education guidance to advocate against the bill. Tenn. Sen. Educ. Comm. Hearing on Wednesday, Mar. 30, 2022, at 2:09:10-51, https://tnga.granicus.com/MediaPlayer.php?view_id=610&clip_id=26777.

Without an injunction barring enforcement of the Department's Interpretation and Fact Sheet, teachers in Plaintiff States continue to fear running afoul of the Department's commands. Senator Mike Bell described a situation in one of his local East Tennessee schools where a student "identifies with a different sex almost from day to day—if not from day to day, from week to week—and the teachers sometimes are very concerned that" the student will act against them "if the student is not addressed by the right pronoun they are identifying with that day." *Id.* at 2:14:53-28. That is exactly the sort of intimidation that the Department's Interpretation and Fact Sheet were designed to produce.

Plaintiff States again encourage this Court to deny Defendants' motion to dismiss and grant a preliminary injunction prohibiting enforcement of the challenged guidance.

4

Dated: June 27, 2022

Respectfully submitted,

/s/ Matthew D. Cloutier (BPR # 036710)
HERBERT H. SLATERY III
  *Attorney General and Reporter of Tennessee*
ANDRÉE S. BLUMSTEIN
  *Solicitor General*
CLARK L. HILDABRAND
BRANDON J. SMITH
  *Assistant Solicitors General*
MATTHEW D. CLOUTIER
  *Assistant Attorney General*
Office of the Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
(615) 741-7908
Matt.Cloutier@ag.tn.gov
**Counsel for State of Tennessee**

/s/ A. Barrett Bowdre
STEVE MARSHALL
  *Attorney General of Alabama*
A. BARRETT BOWDRE*
  *Deputy Solicitor General*
State of Alabama
Office of the Attorney General
501 Washington Ave.
Montgomery, AL 36130
(334) 242-7300
Barrett.Bowdre@AlabamaAG.gov
**Counsel for State of Alabama**

/s/ Kate B. Sawyer
MARK BRNOVICH
  *Attorney General of Arizona*
KATE B. SAWYER*
  *Assistant Solicitor General*
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, AZ 85004
(602) 542-8304
Kate.Sawyer@azag.gov
**Counsel for State of Arizona**

/s/ Cori M. Mills
TREG R. TAYLOR
*Attorney General of Alaska*
CORI M. MILLS*
  *Deputy Attorney General*
State of Alaska
P.O. Box 110300
Juneau, AK 99811
(907) 465-3600
cori.mills@alaska.gov
**Counsel for State of Alaska**

/s/ Nicholas J. Bronni
LESLIE RUTLEDGE
  *Attorney General of Arkansas*
NICHOLAS J. BRONNI*
  *Solicitor General*
Office of the Arkansas Attorney General
323 Center St., Suite 200
Little Rock, AR 72201
(501) 682-6307
nicholas.bronni@arkansasag.gov
**Counsel for State of Arkansas**

5

/s/ Drew F. Waldbeser
CHRISTOPHER M. CARR
  *Attorney General of Georgia*
STEPHEN J. PETRANY
  *Solicitor General*
DREW F. WALDBESER*
  *Deputy Solicitor General*
Office of the Georgia Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334
(404) 458-3378
dwaldbeser@law.ga.gov
**Counsel for State of Georgia**

/s/ W. Scott Zanzig
LAWRENCE G. WASDEN
  *Attorney General of Idaho*
W. SCOTT ZANZIG*
  *Deputy Attorney General*
Office of the Idaho Attorney General
P.O. Box 83720
Boise, ID 83720
(208) 332-3556
scott.zanzig@ag.idaho.gov
**Counsel for State of Idaho**

/s/ Thomas M. Fisher
THEODORE E. ROKITA
  *Attorney General of Indiana*
THOMAS M. FISHER*
  *Solicitor General*
Office of the Indiana Attorney General
IGC-South, Fifth Floor
302 West Washington St.
Indianapolis, IN 46204
(317) 232-6255
Tom.Fisher@atg.in.gov
**Counsel for State of Indiana**

/s/ Kurtis K. Wiard
DEREK SCHMIDT
  *Attorney General of Kansas*
KURTIS K. WIARD*
  *Assistant Solicitor General*
Office of the Kansas Attorney General
120 S.W. 10th Ave.
Topeka, KS 66612
(785) 296-2215
kurtis.wiard@ag.ks.gov
**Counsel for State of Kansas**

/s/ Marc Manley
DANIEL CAMERON
  *Attorney General of Kentucky*
MARC MANLEY*
  *Assistant Attorney General*
COURTNEY E. ALBINI
  Assistant Solicitor General
Office of the Kentucky Attorney General
700 Capital Ave., Suite 118
Frankfort, KY 40601
(502) 696-5300
Marc.Manley@ky.gov
**Counsel for Commonwealth of Kentucky**

/s/ Elizabeth B. Murrill
JEFF LANDRY
  *Attorney General of Louisiana*
ELIZABETH B. MURRILL*
  *Solicitor General*
J. SCOTT ST. JOHN*
  *Deputy Solicitor General*
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6766
emurrill@ag.louisiana.gov
stjohnj@ag.louisiana.gov
**Counsel for State of Louisiana**

6

/s/ Justin L. Matheny
LYNN FITCH
  *Attorney General of Mississippi*
JUSTIN L. MATHENY*
  *Deputy Solicitor General*
State of Mississippi
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205
(601) 359-3680
justin.matheny@ago.ms.gov
***Counsel for State of Mississippi***

/s/ D. John Sauer
ERIC S. SCHMITT
  *Attorney General of Missouri*
D. JOHN SAUER*
  *Solicitor General*
Office of the Missouri Attorney General
P.O. Box 899
Jefferson City, MO 65102
(573) 751-8870
John.Sauer@ago.mo.gov
***Counsel for the State of Missouri***

/s/ Christian B. Corrigan
AUSTIN KNUDSEN
  *Attorney General of Montana*
DAVIS M.S. DEWHIRST
  *Solicitor General*
CHRISTIAN B. CORRIGAN*
  *Assistant Solicitor General*
Office of the Montana Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620
(406) 444-2707
Christian.Corrigan@mt.gov
***Counsel for State of Montana***

/s/ James A. Campbell
DOUGLAS J. PETERSON
  *Attorney General of Nebraska*
JAMES A. CAMPBELL*
  *Solicitor General*
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
(402) 471-2682
jim.campbell@nebraska.gov
***Counsel for State of Nebraska***

/s/ Benjamin M. Flowers
DAVE YOST
  *Attorney General of Ohio*
BENJAMIN M. FLOWERS*
  *Solicitor General*
Office of the Ohio Attorney General
30 E. Broad St., 17th Floor
Columbus, OH 43215
(614) 446-8980
bflowers@OhioAGO.gov
***Counsel for State of Ohio***

/s/ Zach West
JOHN M. O'CONNOR
  *Attorney General of Oklahoma*
ZACH WEST*
  *Assistant Solicitor General*
Office of the Attorney General
State of Oklahoma
313 N.E. 21st St.
Oklahoma City, OK 73105
(405) 522-4798
Zach.West@oag.ok.gov
***Counsel for State of Oklahoma***

/s/ J. Emory Smith, Jr.
ALAN WILSON
  *Attorney General of South Carolina*
J. EMORY SMITH, JR.*
  *Deputy Solicitor General*
Office of the South Carolina Attorney General
P.O. Box 11549
Columbia, SC 29211
(803) 734-3680
esmith@scag.gov
***Counsel for State of South Carolina***

/s/ Jason R. Ravnsborg
JASON R. RAVNSBORG*
  *Attorney General of South Dakota*
Office of the South Dakota Attorney General
1302 East Highway 14, Suite 1
Pierre, SD 57501
(605) 773-3215
Jason.Ravnsborg@state.sd.us
***Counsel for State of South Dakota***

/s/ Lindsay S. See
PATRICK MORRISEY
  *Attorney General of West Virginia*
LINDSAY S. SEE*
  *Solicitor General*
Office of the West Virginia Attorney General
State Capitol Bldg. 1, Room E-26
Charleston, WV 25305
(681) 313-4550
lindsay.s.see@wvago.gov
***Counsel for State of West Virginia***

**\* Admitted Pro Hac Vice**