UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THE STATE OF TENNESSEE, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 3:21-cv-308 |
| v. ) | |
| ) | Judge Atchley |
| ) | |
| UNITED STATES DEPARTMENT OF ) | Magistrate Judge Poplin |
| EDUCATION, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

Before the Court is a Motion for Leave to File Amicus Curiae Brief in Support of Plaintiffs [Doc. 68] filed by the United States Chapter of the Women Rights Campaign ("WHRC USA"). WHRC USA is a "group of volunteer women from across the globe dedicated to protecting women's sex-based rights." [Doc. 68 at 1]. WHRC USA "supports the claims and arguments set forth in the Complaint for Declaratory and Injunctive Relief" and "seeks to further argument that this matter presents novel constitutional questions in that the executive actions that are the subject to the Complaint constitute unconstitutional sex discrimination under [the] Equal Protection Clause of the 14th Amendment." [*Id.* at 2].

WHRC USA has not provided the Court with any authority in support of their request to file an amicus curiae brief. [Doc. 68]. However, courts in this Circuit have recognized that requests for leave to file an amicus curiae brief are governed by Federal Rule of Appellate Procedure 29.[1] Under Rule 29(a), a private amicus may file a brief "only by leave of court or if

---

[1] *Sweigert v. Cable News Network, Inc.*, 2022 WL 842322, at *5, n.2 (E.D. Mich. Mar. 21, 2022) (collecting cases); *Triad Intern. Maint. Corp. v. S. Air Transp., Inc.*, 2005 WL 1917512, at *1 (S.D. Ohio Aug. 10, 2005).

the brief states that all parties have consented to its filing." Fed. R. App. P. 29(a). When leave of court is sought, Rule 29(b) provides that the motion for leave to file "must be accompanied by the proposed brief" and must state: (1) the movant's interest; and (2) the reason why the amicus brief is desirable and why the matters asserted are relevant to the disposition of the case. Fed. R. App. P. 29(b).

Here, though neither Plaintiffs nor Defendants filed any opposition to WHRC USA's Motion for Leave [Doc. 68], there is no indication that "all parties have consented to its filing." Fed. R. App. P. 29(a). Therefore, WHRC USA may only file its proposed amicus brief by procuring leave of Court. *Id*.

"[P]articipation as an amicus to brief and argue as a friend of the court was, and continues to be, a privilege within the sound discretion of the courts, depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice." *United States v. State of Michigan*, 940 F.3d 143, 165 (6th Cir. 1991). "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Protect our Land and Rts. Def. Fund v. Enbridge Energy, Ltd. P'ship*, 2012 WL 5288135, at *1 (E.D. Mich. Oct. 25, 2012) (internal citations omitted). "Otherwise, leave to file an amicus curiae brief should be denied." *Id*.

WHRC USA does not contend that any of the above conditions are applicable; and, upon review of the proposed brief, the Court finds that their request to file an amicus curiae brief

should be denied. Though WHRC USA seeks to challenge the same guidance documents, its proposed brief raises arguments different from those raised by the parties. Plaintiffs challenge the guidance documents on various constitutional grounds; however, Plaintiffs have not challenged Defendants' guidance documents under the Equal Protection Clause of the Fourteenth Amendment. Yet, WHRC USA's proposed amicus curiae brief only argues that Defendants' guidance violates the Equal Protection Clause; and provides the Court with an analysis specific to finding such violation. WHRC USA's proffered analysis is not relevant to the Court's resolution of the issues raised in Plaintiffs' Complaint.

The proposed amicus curiae brief provides insight and argument on an independent constitutional issue that is not before the Court; and thus, provides the Court with no useful information that may impact the decision in the present case. Accordingly, WHRC USA's Motion for Leave to File Amicus Curiae Brief in Support of Plaintiffs [Doc. 68] is hereby **DENIED**.

SO ORDERED.

/s/  *Charles E. Atchley Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**