# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### KNOXVILLE DIVISION

|  |  |
|---|---|
| THE STATE OF TENNESSEE, *et al.*, | Case No. 3:21-cv-00308 |
| Plaintiffs, | District Judge Charles E. Atchley, Jr. |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, | |
| Defendants. | |

## RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully provide this Response to Plaintiffs' Notice of Supplemental Authority, ECF No. 83. Far from providing any authority in support of their claims, Plaintiffs' Notice in fact demonstrates the prematurity of this matter and supports its dismissal.

Plaintiffs' Notice highlights the Department of Education's recent Notice of Proposed Rulemaking ("NPRM") regarding Title IX of the Education Amendments of 1972 ("Title IX"). The NPRM proposes regulations which, *inter alia*, would clarify that Title IX's prohibition on sex discrimination encompasses "discrimination on the basis of sex stereotypes, sex characteristics, pregnancy or related conditions, sexual orientation, and gender identity." ECF No. 83-1 at 5. But the NPRM has no relevance to this matter, as the instant litigation challenges the Department of Education's Notice of Interpretation and Fact Sheet ("Interpretation"), published over a year ago, not the NPRM. Compl. ¶ 112. Plaintiffs cannot now amend their Complaint, via a Notice of Supplemental Authority, to include new allegations pertaining to the NPRM. Nor can Plaintiffs' standing be measured on the basis of allegations that post-date the operative Complaint.

Plaintiffs attempt to tie the NPRM to this case by arguing that the NPRM relies upon the Interpretation as an independent source of authority. But this is wrong: at no point does the NPRM assert that the agency's prior Interpretation constitutes independent authority for the proposed regulations. Rather, the NPRM cites the Interpretation as background information concerning the agency's view of Title IX. ECF No 83-1 at 518-19. If anything, the NPRM only underscores Defendants' argument that the Interpretation is non-binding and does not impose legal duties on anyone, including the Department of Education. As the NPRM explains in briefly recounting the Interpretation, "[the agency] made clear that this interpretation would inform [its] evaluation and investigation of complaints but that it *would not dictate the outcome in any particular case or set of facts*." *Id.* (emphasis added). The NPRM simply notes that the proposed regulations therein are "consistent with [the Interpretation] and the interpretation of Federal courts." *Id.* at 526. Nowhere does the NPRM state that the Interpretation constitutes "independent authority that rises . . . to the authority of federal caselaw," as Plaintiffs erroneously contend. ECF No. 83 at 2. Indeed, because Plaintiffs' complaint seeks an injunction only as to agency reliance upon the Interpretation document itself, the Department of Education could maintain the same view of the law as in the NPRM, simply "without referring at all to the challenged document[]," even if the Interpretation was vacated. Mot. to Dismiss at 12, ECF No. 49-1.

Moreover, to the extent that Plaintiffs now seek to raise a challenge to the NPRM, such a course is improper. At the outset, Plaintiffs may not amend their complaint in a notice of supplemental authority. But even if they could, it is well-established that proposed rules are not final agency action, and as a result, there is no jurisdiction to review proposed rules under the Administrative Procedure Act ("APA"). *See In re Murray Energy Corp.*, 788 F.3d 330, 334 (D.C. Cir. 2015) (Kavanaugh, J.) ("[W]e do not have authority to review proposed rules."); *Am. Portland Cement All. v. E.P.A.*, 101 F.3d 772, 777 (D.C. Cir. 1996) ("Where, as here, a proposed regulation is still in

2

'flux,' review is 'premature,' and this court has no jurisdiction under the APA."). Indeed, "even if [the agency's] position on its legal authority is set in stone, the agency's statements about its legal authority—unconnected to any final rule or other final agency action—do not impose any legal obligations or prohibitions on [plaintiffs]" and are not reviewable under the APA. *In re Murray Energy Corp.*, 788 F.3d at 336. This is so although "prudent organizations and individuals may alter their behavior (and thereby incur costs) based on what they think is likely to come in the form of new regulations." *Id.* at 335.

Further, if Plaintiffs seek a broad injunction prohibiting Defendants from ever "enforcing their . . . interpretation[]" of Title IX generally, Pl.s' Opp'n at 12, ECF No. 58, that would threaten to prevent the agency from finalizing the regulations proposed in the NPRM and, thus, improperly infringe on the agency's rulemaking authority. *Accord BellSouth Corp. v. F.C.C.*, 96 F.3d 849, 852 (6th Cir. 1996) ("To vacate the rule before the rulemaking process has run its course would constitute a usurpation of the administrative process.").

In sum, Plaintiffs have challenged a non-binding legal interpretation, which itself is referenced in a non-binding NPRM. Neither document imposes concrete harm or is otherwise an appropriate subject of judicial review. Accordingly, Plaintiffs' Notice provides only authority further underscoring why dismissal of this action is appropriate.[1]

---

[1] Plaintiffs also filed a notice of supplemental authority, ECF No. 82, regarding the decision in *Texas v. EEOC*, No. 2:21-CV-194-Z (N.D. Tex. May 26, 2022). For the reasons stated in the Defendants' Motion to Dismiss and supporting filings in that matter, Defendants in this action disagree with the conclusions of the district court in Texas. *See* ECF Nos. 12, 29, 37, 48, *Texas v. EEOC*, No. 2:21-CV-194-Z, (N.D. Tex.).

Dated: July 5, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

CARLOTTA WELLS
Assistant Director, Federal Programs Branch

/s/ *Michael Drezner*
MICHAEL DREZNER
CHRISTOPHER R. HEALY
MARTIN TOMLINSON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 514-4505
Email: Michael.L.Drezner@usdoj.gov

*Counsel for Defendants*