UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| THE STATE OF TENNESSEE, *et al.*, | Case No. 3:21-cv-00308 |
| Plaintiffs, | District Judge Charles E. Atchley, Jr. |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, | |
| Defendants. | |

## DEFENDANTS' MOTION TO STAY, OR IN THE ALTERNATIVE TO EXTEND THE ANSWER DEADLINE

Defendants respectfully request that the Court stay Defendants' deadline to Answer the Complaint until 14 days after the Court resolves the parties' cross-motions for summary judgment. In the alternative, Defendants request that the Court extend Defendants' deadline to Answer the Complaint for 60 days, or until September 27, 2022. Defendants' counsel has conferred with Plaintiffs' counsel regarding this motion, who has stated that Plaintiffs consent to an extension until August 15, 2022, but otherwise oppose this motion.

Good cause exists to grant this motion, as follows:

1. On July 15, 2022, the Court issued a Memorandum and Order granting Plaintiffs' motion for a preliminary injunction, and denying the Defendants' motion to dismiss. ECF No. 86. Specifically, the Court found that Plaintiffs had standing, the case was ripe, the challenged documents were reviewable final agency actions for which Plaintiffs had no adequate alternative remedy, Plaintiffs had demonstrated a likelihood of success on the merits of at least

one of their claims, and the remaining preliminary injunction factors weighed in Plaintiffs' favor. *See* ECF No. 86.

2. The Court preliminarily enjoined and restrained Defendants from implementing the challenged documents against Plaintiffs. *Id.* at 46.

3. Currently, the deadline to answer the Complaint is July 29, 2022.

4. Defendants are in the process of assessing the July 15 decision and determining appropriate next steps, including comprehensive discussions with agency counsel and program offices as well as with other components of the Department of Justice regarding ongoing compliance with the Court's injunction. That process would be delayed if Defendants were required to quickly file an Answer to Plaintiffs' 35-page Complaint.

5. Moreover, this Court determined that the issues in this litigation are "purely legal," ECF No. 86 at 19, and it is therefore unlikely that an Answer to Plaintiffs' factual allegations in the Complaint will meaningfully further this litigation.

6. Where a case presents purely legal issues, courts have often deferred the Answer deadline until after summary judgment. *See, e.g., See, e.g.*, Scheduling Order ¶ 6, ECF No. 10, *Transp. Trades Dep't, AFL-CIO v. Nat'l Mediation Bd.*, No. 1:19-cv-3107 (D.D.C. Dec. 20, 2019) ("The deadline for Defendant to file an Answer shall be suspended pending the Court's resolution of the Parties' Cross-Motions for Summary Judgment"); *see also* Fed. R. Civ. P. 56(b) (a party may file for summary judgment "at any time until 30 days after the close of all discovery," including prior to filing an Answer). In a factually similar case, the Northern District of Texas has stayed the answer deadline until after summary judgment. *See Texas v. EEOC*, 3:21-cv-00308 (N.D. Tex. 2021), ECF No. 55.

7. Accordingly, Defendants request that the Court stay the Answer deadline until fourteen days after resolution of the parties' cross-motions for summary judgment. Such a stay will allow the litigation to proceed efficiently and prevent the potential waste of resources.

8. In the alternative, should the Court decline to grant a stay, Defendants request that the Answer deadline be extended for 60 days, to permit Defendants sufficient time to confer regarding next steps in this case, and to prepare an Answer. *See* Fed. R. App. Pro. 4(a)(1)(B) (a notice of appeal may be filed within 60 days when the Government is a party).

9. An extension is also reasonable and warranted due to several upcoming deadlines and other scheduling conflicts for undersigned counsel. These include, variously, several motions for summary judgment and an opposition to a preliminary injunction motion, a deposition, an oral argument, and upcoming administrative leave.

10. In light of the fact that the preliminary injunction has provided them with temporary relief, Plaintiffs are not prejudiced by this extension of the Answer deadline. Moreover, the fact that Plaintiffs have agreed to extend the deadline until August 15 also indicates that Plaintiffs at least implicitly recognize there is no imminent need for an Answer in this case.

11. Defendants remain open to conferring with Plaintiffs regarding next steps in this case, including setting a schedule for producing any Administrative Record, or for summary judgment. Defendants do not object to beginning those negotiations prior to the filing of the Answer, and welcome any proposal Plaintiffs may wish to share in the interim.

For the foregoing reasons, Defendants' respectfully assert good cause to stay, or in the alternative seek an extension of time to file, their Answer.

Dated: July 26, 2022                              Respectfully submitted,

                                                  BRIAN M. BOYNTON
                                                  Principal Deputy Assistant Attorney General

                                                  JENNIFER D. RICKETTS
                                                  Director, Federal Programs Branch

                                                  CARLOTTA WELLS
                                                  Assistant Director, Federal Programs Branch

                                                  /s/ *Martin M. Tomlinson*
                                                  CHRISTOPHER R. HEALY
                                                  MICHAEL DREZNER
                                                  MARTIN M. TOMLINSON
                                                  Trial Attorneys
                                                  Civil Division, Federal Programs Branch
                                                  U.S. Department of Justice
                                                  1100 L Street, NW
                                                  Washington, DC  20005
                                                  Phone: (202) 353-4556
                                                  Email:  martin.m.tomlinson@usdoj.gov

                                                  *Counsel for Defendants*