UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| THE STATE OF TENNESSEE, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) Case No. 3:21-cv-00308 |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | ) ) ) ) |
| Defendants. | ) |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY**

Defendants request to extend their deadline to Answer the Complaint indefinitely or, in the alternative, to set a 74-day deadline for filing the Answer. Plaintiff States respectfully request that this Court deny those requests. Defendants cast aside the 14-day deadline in Fed. R. Civ. P. 12(a)(4)(A), which they fail to cite, and distort the procedural history of two cases that they claim justify their exceptional request.

*First*, good cause does not exist for this Court to ignore the standard operation of the Federal Rules. Normally, after a plaintiff files a complaint, the United States has 60 days to serve its answer. Fed. R. Civ. P. 12(a)(2). But the filing of a Rule 12 motion gives defendants a temporary reprieve from serving their answer. "[I]f the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action" "[u]nless the court sets a different time." Fed. R. Civ. P. 12(a)(4). This Court denied Defendants' motion to dismiss on July 15, starting the 14-day clock. This case has been pending for nearly a year. Given that the parties had that time to prepare for this Court's decision, the normal timeframe for filing an answer should not be inordinately difficult.

1

Moreover, Defendants failed even to ask Plaintiff States if they would consent to an indefinite stay until *after* Plaintiff States proposed the August 15 deadline as a compromise. On Thursday, July 21, Defendants emailed Plaintiff States that they "intend[ed] to file a motion to extend the Answer deadline by 60 days to allow for the United States to determine if it will be appealing the recent preliminary injunction." (Defendants' proposed 60-day extension would effectively turn the standard 14-day deadline into a 74-day deadline.) The parties conferred on Friday, July 21. As this case has been pending for almost a year, Plaintiff States would prefer that Defendants serve their Answer on July 29, when the 14-day deadline set in Fed. R. Civ. P. 12(a)(4)(A) would run. But, in a spirit of cooperation, Plaintiff States told Defendants that they would not oppose extending the Answer-filing deadline to August 15, which is 31 days after this Court granted Plaintiff States' preliminary injunction motion and denied Defendants' motion to dismiss, and more than two weeks after their answer would normally be due.

Rather than accepting Plaintiff States' compromise, Defendants waited until Tuesday, July 26, to inform Plaintiff States for the first time that they would reject the August 15 compromise and instead seek an *even longer* extension. According to Defendants, Plaintiff States' proposal of an August 15 deadline means that "Plaintiffs at least implicitly recognize there is no imminent need for an Answer in this case." Defs.' Mot. to Stay, ECF No. 87 at 2, PageID# 1990. What the Plaintiff States' August 15 compromise proposal really meant, though, was that Plaintiff States were trying to be courteous in the litigation of this case. Defendants have responded to this goodwill gesture by dramatically expanding their already unwarranted request.

To be sure, Fed. R. App. P. 4(a)(1)(B) gives the United States 60 days to decide whether to appeal, twice as long as the deadline for private parties. But Fed. R. Civ. P. 12(a) does *not* link the filing of the answer with a party's decision whether or not to appeal. Nor does Fed. R. Civ. P.

2

12(a)(4)(A) grant the United States more time to serve its answer than what other parties receive. The August 15 deadline Plaintiff States proposed as a compromise would more than double the normal time period for serving an answer. That is more than what Defendants deserve under the Federal Rules. Any further delay is a sign that the Federal Rules of Civil Procedure apparently do not apply to Defendants.

*Second*, Defendants offer a skewed version of two cases' procedural history in their attempt to convince this Court to cast aside the Federal Rules of Civil Procedure. *See* Defs.' Mot. to Stay, ECF No. 87 at 2, PageID# 1990. The first case Defendants point to is *Transportation Trades Department, AFL-CIO v. National Mediation Board*, No. 1:19-cv-3107 (D.D.C.). In that case, both sides agreed to a briefing schedule where the first substantive motions filed were motions to dismiss or, in the alternative, motions for summary judgment. *See* ECF No. 10, *Transp. Trades Dep't, AFL-CIO*, No. 1:19-cv-3107 (D.D.C. Dec. 20, 2019); *see also id.* at Mot. to Dismiss, or in the Alternative, for Summ. J., ECF No. 13, 2020 WL 8025101 (D.D.C. Mar. 6, 2020) (signed by the exact same counsel who has represented Defendants during the recent discussions in this case). After the administrative record was filed, the district court denied the plaintiffs' motion and *granted* the defendants' motion, treating those as motions for summary judgment. *Transp. Trades Dep't, AFL-CIO*, 530 F. Supp. 3d 64, 74 (D.D.C. 2021). In contrast, Defendants in this case have not filed the administrative record, and this Court *denied* their motion to dismiss.

Defendants similarly neglect to note relevant details from the second case they proffer in their motion. In *Texas v. EEOC*, the court initially granted a consent motion that extended defendants' answer deadline to December 23, 2021. ECF No. 11, No. 2:21-cv-00194-Z (N.D. Tex. Dec. 17, 2021). On that day, defendants filed their motion to dismiss. *Id.* at ECF No. 12. With the defendants' motion to dismiss still pending and without having requested a preliminary

3

injunction, the State of Texas wanted to file an amended complaint and then a motion for summary judgment. The district court entered a scheduling order setting deadlines for the parties' motions for summary judgment, *id.* at ECF No. 25, eventually moving defendants' summary-judgment-motion deadline to June 17, 2022, *id.* at ECF No. 52. On May 26, 2022, the court mostly denied defendants' motion to dismiss. *Id.* at ECF No. 53.

Three days before defendants' motion for summary judgment was due in *Texas*, the defendants—represented by the same counsel who has represented Defendants during the recent discussions in this case—told the court that he "had regretfully failed to realize until this week that they had not, in fact, raised the issue" of extending the answer deadline in earlier scheduling proposals "nor obtained the Court's approval for such an extension thereafter." *Id.* at ECF No. 54 at 1, PageID# 632 (attached as "Attachment A"). Counsel for defendants "apologize[d] to the Court and to Plaintiff for any inconvenience caused by the oversight." *Id.* With the summary-judgment-motion deadlines quickly approaching, and with the State of Texas's consent, the court allowed the defendants to serve their answer after resolution of the motions for summary judgment. *Id.* at ECF No. 55. Opposing counsel's failure to comply with the answer deadline in *Texas v. EEOC* does not justify Defendants' refusal to serve an answer in this case. Unlike in *Texas*, the parties here have not yet asked this Court to set summary-judgment-motion deadlines.

*Third*, Plaintiff States would be prejudiced by this Court setting either an indefinite or a 74-day Answer deadline for at least three reasons. As a first source of prejudice, while this Court has granted Plaintiff States "temporary relief," Defs.' Mot. to Stay, ECF No. 87 at 3, PageID# 1991, federal agencies continue to rely on the enjoined rules in new agency actions. The U.S. Department of Agriculture ("USDA"), for example, "concur[red] with and adopt[ed] the Department of Justice's and Department of Education's analyses concluding that Title IX's

4

prohibition on sex discrimination includes a prohibition on discrimination on the basis of gender identity and sexual orientation." USDA, CRD 01-2022, Application of *Bostock v. Clayton County* to Program Discrimination Complaint Processing – Policy Update (May 5, 2022), https://bit.ly/3NuXnSx. That decision has forced 22 States, including many of the same States involved in this litigation, to sue to protect their federal SNAP funding for school lunches. *See Tennessee v. USDA*, No. 3:22-cv-00257 (E.D. Tenn.). And the Department of Education itself is relying on its enjoined Interpretation in a proposed rulemaking. *See* Not. of Suppl. Authority, ECF No. 83. Despite the injunction issued in this case, the Department of Education has *not* paused or extended the comment process for that proposed rule. *See* Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 87 Fed. Reg. 41,390 (posted July 11, 2022), https://bit.ly/3OSMgDT. The Department might want to delay serving the answer or filing the administrative record until it ends the comment period on September 12, 2022. But that is not a valid reason to ignore Fed. R. Civ. P. 12(a)(4)(A).

A second source of prejudice is that the answer marks the normal beginning of the discovery process, which Defendants apparently also seek to delay. In APA cases, the federal government usually files the administrative record "simultaneously with the filing of a dispositive motion" or "within 30 days following service of the answer to the complaint." D.D.C. Local C. R. 7(n)(1). As this case has been pending for nearly a year, and as the parties did not agree to filing of the administrative record when Defendants filed their motion to dismiss, Plaintiff States anticipated requesting that the administrative record be filed on August 29, 2022. That would be 31 days after the standard 14-day Answer deadline. Plaintiff States communicated that request to Defendants on Tuesday, July 26, after Defendants first informed Plaintiff States that Defendants

5

Case 3:21-cv-00308-CEA-DCP   Document 88   Filed 07/27/22   Page 5 of 11   PageID #: 1998

intended to seek an indefinite extension of the answer deadline and before Defendants filed their motion. Defendants have neither accepted that request nor offered an alternative date.

Of course, this Court ruled—over Defendants' insistence to the contrary—that the issues at the preliminary-injunction and motion-to-dismiss stage were "purely legal." Memo. Opinion & Order, ECF No. 86 at 19, 24, PageID# 1960, 1965. But the answer is supposed to mark the point at which Defendants confirm or deny the allegations in the Complaint. It is blackletter law that courts "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008) (quotation omitted). In contrast, courts at the summary-judgment stage "construe the facts in the light most favorable to . . . the non-moving party." *Baker v. City of Trenton*, 936 F.3d 523, 526 n.1 (6th Cir. 2019). Even if the disagreements between the parties are ultimately legal ones—as is often the case in litigation—Plaintiff States still request answers to the allegations in their Complaint filed nearly a year ago.

Finally, Plaintiff States would be prejudiced by the proposed delays because Defendants seek to pause the filing of their answer without confirming whether they intend to appeal or seek a stay of the preliminary injunction. The Federal Rules give Defendants 60 days to decide whether to appeal. But the service of the answer and the discovery process are supposed to continue in the meantime. *See* Fed. R. Civ. P. 12(a)(4)(A). The 60-day appeal deadline is not a sword for Defendants to use to lop off whatever parts of the Federal Rules of Civil Procedure that they find inconvenient. If the Sixth Circuit were to stay or vacate the preliminary injunction, Plaintiff States would be prejudiced by the delay to the answer and discovery process.

For all these reasons, Plaintiff States ask that this Court deny Defendants' request to extend their Answer deadline indefinitely or, in the alternative, to set a 74-day answer deadline. Although

6

Plaintiff States would prefer Defendants to serve their answer on July 29, 2022, when the standard 14-day deadline set in Fed. R. Civ. P. 12(a)(4) would run, Plaintiff States would not oppose this Court extending the Answer deadline to August 15, 2022.

Dated: July 27, 2022                                    Respectfully submitted,

        /s/ Matthew D. Cloutier (BPR #036710)
        HERBERT H. SLATERY III
         *Attorney General and Reporter of Tennessee*
        ANDRÉE S. BLUMSTEIN
         *Solicitor General*
        CLARK L. HILDABRAND
        BRANDON J. SMITH
         *Assistant Solicitors General*
        MATTHEW D. CLOUTIER
         *Assistant Attorney General*
        Office of the Tennessee Attorney General and Reporter
        P.O. Box 20207
        Nashville, TN 37202
        (615) 741-7908
        Matt.Cloutier@ag.tn.gov
        **Counsel for State of Tennessee**

| | |
|---|---|
| /s/ A. Barrett Bowdre | /s/ Cori M. Mills |
| STEVE MARSHALL | TREG R. TAYLOR |
|   *Attorney General of Alabama* | *Attorney General of Alaska* |
| A. BARRETT BOWDRE* | CORI M. MILLS* |
|   *Deputy Solicitor General* |   *Deputy Attorney General* |
| State of Alabama | State of Alaska |
| Office of the Attorney General | P.O. Box 110300 |
| 501 Washington Ave. | Juneau, AK 99811 |
| Montgomery, AL 36130 | (907) 465-3600 |
| (334) 242-7300 | cori.mills@alaska.gov |
| Barrett.Bowdre@AlabamaAG.gov | **Counsel for State of Alaska** |
| **Counsel for State of Alabama** | |
| | /s/ Nicholas J. Bronni |
| /s/ Kate B. Sawyer | LESLIE RUTLEDGE |
| MARK BRNOVICH |   *Attorney General of Arkansas* |
|   *Attorney General of Arizona* | NICHOLAS J. BRONNI* |
| KATE B. SAWYER* |   *Solicitor General* |
|   *Assistant Solicitor General* | Office of the Arkansas Attorney General |
| Office of the Arizona Attorney General | 323 Center St., Suite 200 |
| 2005 N. Central Ave. | Little Rock, AR 72201 |
| Phoenix, AZ 85004 | (501) 682-6307 |
| (602) 542-8304 | nicholas.bronni@arkansasag.gov |
| Kate.Sawyer@azag.gov | **Counsel for State of Arkansas** |
| **Counsel for State of Arizona** | |

/s/ Drew F. Waldbeser
CHRISTOPHER M. CARR
  *Attorney General of Georgia*
STEPHEN J. PETRANY
  *Solicitor General*
DREW F. WALDBESER*
  *Deputy Solicitor General*
Office of the Georgia Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334
(404) 458-3378
dwaldbeser@law.ga.gov
**Counsel for State of Georgia**

/s/ W. Scott Zanzig
LAWRENCE G. WASDEN
  *Attorney General of Idaho*
W. SCOTT ZANZIG*
  *Deputy Attorney General*
Office of the Idaho Attorney General
P.O. Box 83720
Boise, ID 83720
(208) 332-3556
scott.zanzig@ag.idaho.gov
**Counsel for State of Idaho**

/s/ Thomas M. Fisher
THEODORE E. ROKITA
  *Attorney General of Indiana*
THOMAS M. FISHER*
  *Solicitor General*
Office of the Indiana Attorney General
IGC-South, Fifth Floor
302 West Washington St.
Indianapolis, IN 46204
(317) 232-6255
Tom.Fisher@atg.in.gov
**Counsel for State of Indiana**

/s/ Kurtis K. Wiard
DEREK SCHMIDT
  *Attorney General of Kansas*
KURTIS K. WIARD*
  *Assistant Solicitor General*
Office of the Kansas Attorney General
120 S.W. 10th Ave.
Topeka, KS 66612
(785) 296-2215
kurtis.wiard@ag.ks.gov
**Counsel for State of Kansas**

/s/ Marc Manley
DANIEL CAMERON
  *Attorney General of Kentucky*
MARC MANLEY*
  *Assistant Attorney General*
COURTNEY E. ALBINI
  Assistant Solicitor General
Office of the Kentucky Attorney General
700 Capital Ave., Suite 118
Frankfort, KY 40601
(502) 696-5300
Marc.Manley@ky.gov
**Counsel for Commonwealth of Kentucky**

/s/ Elizabeth B. Murrill
JEFF LANDRY
  *Attorney General of Louisiana*
ELIZABETH B. MURRILL*
  *Solicitor General*
J. SCOTT ST. JOHN*
  *Deputy Solicitor General*
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6766
emurrill@ag.louisiana.gov
stjohnj@ag.louisiana.gov
**Counsel for State of Louisiana**

9

/s/ Justin L. Matheny
LYNN FITCH
  *Attorney General of Mississippi*
JUSTIN L. MATHENY*
  *Deputy Solicitor General*
State of Mississippi
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205
(601) 359-3680
justin.matheny@ago.ms.gov
***Counsel for State of Mississippi***

/s/ D. John Sauer
ERIC S. SCHMITT
  *Attorney General of Missouri*
D. JOHN SAUER*
  *Solicitor General*
Office of the Missouri Attorney General
P.O. Box 899
Jefferson City, MO 65102
(573) 751-8870
John.Sauer@ago.mo.gov
***Counsel for the State of Missouri***

/s/ Christian B. Corrigan
AUSTIN KNUDSEN
  *Attorney General of Montana*
DAVIS M.S. DEWHIRST
  *Solicitor General*
CHRISTIAN B. CORRIGAN*
  *Assistant Solicitor General*
Office of the Montana Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620
(406) 444-2707
Christian.Corrigan@mt.gov
***Counsel for State of Montana***

/s/ James A. Campbell
DOUGLAS J. PETERSON
  *Attorney General of Nebraska*
JAMES A. CAMPBELL*
  *Solicitor General*
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
(402) 471-2682
jim.campbell@nebraska.gov
***Counsel for State of Nebraska***

/s/ Benjamin M. Flowers
DAVE YOST
  *Attorney General of Ohio*
BENJAMIN M. FLOWERS*
  *Solicitor General*
Office of the Ohio Attorney General
30 E. Broad St., 17th Floor
Columbus, OH 43215
(614) 446-8980
bflowers@OhioAGO.gov
***Counsel for State of Ohio***

/s/ Zach West
JOHN M. O'CONNOR
  *Attorney General of Oklahoma*
ZACH WEST*
  *Assistant Solicitor General*
Office of the Attorney General
State of Oklahoma
313 N.E. 21st St.
Oklahoma City, OK 73105
(405) 522-4798
Zach.West@oag.ok.gov
***Counsel for State of Oklahoma***

/s/ J. Emory Smith, Jr.
ALAN WILSON
  *Attorney General of South Carolina*
J. EMORY SMITH, JR.*
  *Deputy Solicitor General*
Office of the South Carolina Attorney General
P.O. Box 11549
Columbia, SC 29211
(803) 734-3680
esmith@scag.gov
***Counsel for State of South Carolina***

/s/ Paul Swedlund
MARK A. VARGO
  *Attorney General of South Dakota*
Office of the South Dakota Attorney General
PAUL SWEDLUND**
  *Assistant Attorney General*
1302 East Highway 14, Suite 1
Pierre, SD 57501
(605) 773-3215
paul.swedlund@state.sd.us
***Counsel for State of South Dakota***

/s/ Lindsay S. See
PATRICK MORRISEY
  *Attorney General of West Virginia*
LINDSAY S. SEE*
  *Solicitor General*
Office of the West Virginia Attorney General
State Capitol Bldg. 1, Room E-26
Charleston, WV 25305
(681) 313-4550
lindsay.s.see@wvago.gov
***Counsel for State of West Virginia***


**\* Admitted Pro Hac Vice**
**\*\* Pro Hac Vice Application Pending**