UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THE STATE OF TENNESSEE, *et al.*, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> EDUCATION, *et al.*, ) <br> ) <br> *Defendants*. ) | Case No. 3:21-cv-308 <br><br> Judge Atchley <br><br> Magistrate Judge Poplin |

**ORDER**

Before the Court is Defendants' Motion to Stay, or in the Alternative, to Extend the Answer Deadline. [Doc. 87]. On July 15, 2022, the Court issued an Order granting Plaintiffs' Motion for Preliminary Injunction and denying Defendants' Motion to Dismiss. [Doc. 86]. Pursuant to Fed. R. Civ. P. 12(a)(4), Defendants have 14-days from the Court's action to file a responsive pleading, resulting in a deadline of July 29, 2022.

Defendants seek to stay their deadline to Answer the Complaint until 14-days after the Court resolves the forthcoming cross-motions for summary judgment; or alternatively, to extend their deadline to Answer the Complaint for 60-days. [Doc. 87]. Plaintiffs argue that good cause does not exist to ignore the standard operation of the Federal Rules of Civil Procedure. [Doc. 88]. However, Plaintiffs agree to an extension of Defendants' Answer deadline to August 15, 2022. [*Id.*].

As explained below, the Court finds Defendants have not demonstrated good reason to extend the Answer deadline as requested.

Defendants claim that they are "in the process of assessing the July 15 decision and determining appropriate next steps" and "[t]hat process would be delayed if Defendants were required to quickly file an Answer to Plaintiffs' 35-page Complaint." [Doc. 87 at ¶ 4]. Fed. R. App. P. 4(a)(1)(B) provides Defendants with 60-days to decide whether to appeal the Court's decision. Defendants' right to appeal is wholly unrelated to their obligation to file a responsive pleading under Fed. R. Civ. P. 12(a). Defendants can continue to consider whether to appeal the Court's decision after filing an Answer to the Complaint.

Defendants claim that "[a]n extension is also reasonable and warranted due to several upcoming deadlines and other scheduling conflicts for undersigned counsel" including "several motions for summary judgment and an opposition to a preliminary injunction motion, a deposition, an oral argument, and upcoming administrative leave." [Doc. 87 at ¶ 9]. The Court understands and is sympathetic that counsel for Defendants have demanding schedules; however, the Court is not persuaded by this proffered justification. Counsel for Defendants are employed by the Department of Justice, a federal executive department of the United States Government. The Department of Justice has adequate resources to devote to litigating this case.

This case has been pending for nearly a year, and Defendants have had adequate time to consider the allegations in the Complaint while awaiting the Court's decision. This case cannot continue to proceed until Defendants file an Answer to the Complaint. Nevertheless, because Plaintiffs agree to a limited extension of the Answer deadline, the Court will give Defendants some additional time to prepare an Answer.

For the reasons above, Defendants' Motion to Stay, or in the Alternative, to Extend the Answer Deadline [Doc. 87] is **GRANTED IN PART**. Defendants **SHALL** file a responsive pleading in accordance with Fed. R. Civ. P. 12(a) **on or before August 15, 2022**.

**SO ORDERED.**

/s/ *Charles E. Atchley Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**