UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| THE STATE OF TENNESSEE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, <br><br> Defendants. | Case No. 3:21-cv-00308 <br><br> District Judge Charles E. Atchley, Jr. |

## NOTICE OF COMPLIANCE

Defendants respectfully submit this Notice of Compliance to inform the Court of actions taken by the Defendants to comply with this Court's July 15, 2022 Opinion and Order, ECF No. 86, granting Plaintiffs' Motion for a Preliminary Injunction, ECF No. 10.

The Court's July 15 Order preliminarily enjoined and restrained "Federal Defendants and all their respective officers, agents, employees, attorneys, and persons acting in concert or participation with them" from "implementing the Interpretation, Dear Educator Letter, Fact Sheet, and Technical Assistance Document against Plaintiffs." *Id.* at 46. The Court granted the preliminary relief, holding that Plaintiffs were likely to succeed on the merits of their claim that the documents in question were final agency actions and legislative rules rather than interpretive ones. Accordingly, the Court held that Plaintiffs could likely show that the Department of Education promulgated the Interpretation, Dear Educator Letter, and Fact Sheet and the EEOC promulgated the Technical Assistance

Document in violation of the Administrative Procedure Act ("APA") without undergoing notice and comment rulemaking.[1] *Id.* at 38-43.

The Court stressed that it was not issuing a nationwide injunction and explained that "[t]he Court will not burden the States that did not join this litigation." *Id.* at n.18. The Court thus specified that "this preliminary injunction should only apply to Plaintiffs." *Id.* Defendants understand that they have been enjoined from implementing the specific challenged documents against the 20 Plaintiff States. Defendants will not cite, reference, treat as binding, or otherwise rely upon the challenged documents in any investigations of claims or enforcement or administrative actions, if there are any, against Plaintiffs. Although not required by the Court's Order, in an abundance of caution, the Defendants have also applied conspicuous disclaimers on each of the documents that is subject to the injunction to provide notice.[2]

Defendants, as the agencies charged with enforcing Title VII of the Civil Rights Act of 1964 and Title IX of the Education Amendments of 1972, respectively, will continue to carry out their statutorily required responsibilities. As this Court recognized, the questions decided in the Court's order are distinct from "whether any Plaintiff has violated Title VII or Title IX." July 15 Opinion and Order at 19-20. Thus, Defendants will support their investigations, enforcement, or administrative actions against Plaintiffs (assuming there are any) with statutory text, implementing regulations, case law, and the specific facts and circumstances of each case. Based on all of those

---

[1] The Court did not rule on whether Plaintiffs were likely to succeed on the merits on the remainder of Plaintiffs' claims.
[2] *See* Protections Against Employment Discrimination Based on Sexual Orientation or Gender Identity | U.S. Equal Employment Opportunity Commission, available at: https://www.eeoc.gov/laws/guidance/protections-against-employment-discrimination-based-sexual-orientation-or-gender; Resources for LGBTQI+ Students, https://www2.ed.gov/about/offices/list/ocr/lgbt.html; Federal Register Notices and Regulations, https://www2.ed.gov/about/offices/list/ocr/frontpage/faq/rr/fed-reg-not-regs.html; Pamphlets, https://www2.ed.gov/about/offices/list/ocr/frontpage/faq/rr/pamphlets.html; Enforcement of Title IX of the Education Amendments of 1972 With Respect to Discrimination Based on Sexual Orientation and Gender Identity in Light of Bostock v. Clayton County, https://www2.ed.gov/about/offices/list/ocr/docs/202106-titleix-noi.pdf; Confronting Anti-LGHTQI+ Harassment in Schools, https://www2.ed.gov/about/offices/list/ocr/docs/ocr-factsheet-tix-202106.pdf; Letter to Educators on Title IX's 49th Anniversary, https://www2.ed.gov/about/offices/list/ocr/correspondence/stakeholders/educator-202106-tix.pdf.

considerations, agency positions may be consistent with those in the challenged documents, but they will not be based on those documents.

Defendants respectfully submit that this understanding of the Court's injunction aligns with how the courts of appeals have considered other injunctions issued in response to alleged APA violations. *See Sch. of the Ozarks v. Biden*, __ F.4th __, 2022 WL 2963474, at *6 (8th Cir. Jul. 27, 2022) (explaining that "[a]n injunction against implementing [a HUD guidance memo], however, would not stop the Department from investigating all complaints of sex discrimination against a college, including complaints of discrimination because of gender identity or sexual orientation" because "[e]ven if HUD were enjoined from enforcing its internal directive, the agency would still be required by statute to investigate sex discrimination complaints filed against the College" and "must consider the meaning of the Fair Housing Act in light of *Bostock* and its interpretation of similar statutory language"); *Texas v. EEOC*, 933 F.3d 433, 451 (5th Cir. 2019) (explaining that injunction invalidating EEOC guidance for failure to do notice and comment rulemaking does not bar the agency from enforcing any construction of Title VII embodied in the statute, but simply "bars EEOC and the Attorney General from treating the Guidance as binding").

Defendants believe that their understanding of the scope of the Court's injunction as presented in this Notice, absent further direction, is consistent with the Court's injunction and its decision to enjoin the guidance documents.

3

Dated: August 25, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

CARLOTTA WELLS
Assistant Director, Federal Programs Branch

/s/ *Martin M. Tomlinson*
MARTIN M. TOMLINSON
CHRISTOPHER R. HEALY
MICHAEL DREZNER
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-4556
Email: martin.m.tomlinson@usdoj.gov

*Counsel for Defendants*