# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| THE STATE OF TENNESSEE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 3:21-cv-00308 |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | ) |
| Defendants. | ) |

## RESPONSE TO DEFENDANTS' NOTICE OF COMPLIANCE

Plaintiff States respectfully submit this response to Defendants' Notice of Compliance, ECF No. 97. On July 15, this Court ruled that "*Bostock* does not require Defendants' interpretations of Title VII and IX," so Plaintiff States are at least likely to prevail on their claim that the challenged guidance documents are, in fact, legislative rules issued in violation of the APA's notice-and-comment requirements. ECF No. 86 at 31, 40. Accordingly, this Court enjoined "Federal Defendants and all their respective officers, agents, employees, attorneys, and persons acting in concert or participation with them . . . from implementing the Interpretation, Dear Educator Letter, Fact Sheet, and the Technical Assistance Document against Plaintiffs." *Id.* at 46.

While Plaintiff States appreciate the steps Defendants have taken to comply with the Court's preliminary injunction, Plaintiff States respond to clarify that it is the Court's preliminary injunction order, not Defendants' "understanding of the scope of the Court's injunction as presented in th[e] Notice" of Compliance, ECF No. 97 at 3, that controls. Plaintiff States object to any implementation by Defendants and persons acting in concert or participation with them of the challenged guidance documents, including implementation of other documents that treat those

1

challenged documents as binding, against Plaintiff States, including political subdivisions, employers, citizens, and residents within those Plaintiff States' jurisdiction.

*First*, Plaintiff States agree with Defendants that the Court's preliminary injunction order bars Defendants and persons acting in concert or participation with them from engaging in "investigations, enforcement, or administrative actions" against Plaintiff States "based on" the guidance challenged in this case. ECF No. 97 at 1-2. As in *Texas v. EEOC*, Defendants and persons acting in concert or participation with them "may not treat the Guidance as binding in any respect." 933 F.3d 433, 451 (5th Cir. 2019); *see* ECF No. 97 at 3 (citing *Texas v. EEOC*). Plaintiff States also agree with Defendants that the preliminary injunction also means that Defendants and persons acting in concert or participation with them cannot "cite, reference, treat as binding, or otherwise rely upon the challenged documents in any investigations of claims or enforcement or administrative actions," against Plaintiff States. ECF No. 97 at 2.

To clarify, this Court's preliminary injunction order bars Defendants and persons acting in concert or participation with them from treating the challenged guidance documents as binding in rulemaking that would apply to Plaintiff States. For example, as Plaintiff States pointed out to the Court while their preliminary injunction motion was pending, *see* ECF No. 83, and again when opposing Defendants' proposed indefinite extension of their answer deadline, *see* ECF No. 88 at 5, the U.S. Department of Education issued a proposed rule that relied on the now-enjoined Interpretation. Plaintiff States expect that, to comply with the preliminary injunction order in this case, the final rule will not treat the Interpretation as binding. Further, to comply with the APA after the close of the comment period, the Department must "make appropriate changes" to the proposed rule. *Mann Constr., Inc. v. United States*, 27 F.4th 1138, 1142 (6th Cir. 2022). Because the Department's proposed rule was based on the now-enjoined Interpretation, the final rule must

2

Case 3:21-cv-00308-CEA-DCP   Document 99   Filed 08/30/22   Page 2 of 9   PageID #: 2399

challenged documents as binding, against Plaintiff States, including political subdivisions, employers, citizens, and residents within those Plaintiff States' jurisdiction.

*First*, Plaintiff States agree with Defendants that the Court's preliminary injunction order bars Defendants and persons acting in concert or participation with them from engaging in "investigations, enforcement, or administrative actions" against Plaintiff States "based on" the guidance challenged in this case. ECF No. 97 at 1-2. As in *Texas v. EEOC*, Defendants and persons acting in concert or participation with them "may not treat the Guidance as binding in any respect." 933 F.3d 433, 451 (5th Cir. 2019); *see* ECF No. 97 at 3 (citing *Texas v. EEOC*). Plaintiff States also agree with Defendants that the preliminary injunction also means that Defendants and persons acting in concert or participation with them cannot "cite, reference, treat as binding, or otherwise rely upon the challenged documents in any investigations of claims or enforcement or administrative actions," against Plaintiff States. ECF No. 97 at 2.

To clarify, this Court's preliminary injunction order bars Defendants and persons acting in concert or participation with them from treating the challenged guidance documents as binding in rulemaking that would apply to Plaintiff States. For example, as Plaintiff States pointed out to the Court while their preliminary injunction motion was pending, *see* ECF No. 83, and again when opposing Defendants' proposed indefinite extension of their answer deadline, *see* ECF No. 88 at 5, the U.S. Department of Education issued a proposed rule that relied on the now-enjoined Interpretation. Plaintiff States expect that, to comply with the preliminary injunction order in this case, the final rule will not treat the Interpretation as binding. Further, to comply with the APA after the close of the comment period, the Department must "make appropriate changes" to the proposed rule. *Mann Constr., Inc. v. United States*, 27 F.4th 1138, 1142 (6th Cir. 2022). Because the Department's proposed rule was based on the now-enjoined Interpretation, the final rule must

take into account that the Interpretation, in this Court's words, unlawfully attempted to "create[] rights for students and obligations for regulated entities not to discriminate based on sexual orientation or gender identity that appear nowhere in *Bostock*, Title IX, or its implementing regulations." ECF No. 86 at 41. Plaintiff States will take appropriate action if the Department's final rule treats the enjoined Interpretation as binding or if Defendants or other parts of the federal government implement the enjoined guidance documents (or other documents based on the enjoined guidance) against Plaintiff States.

*Second*, this Court's preliminary injunction does *not* permit Defendants to engage in investigations, enforcement, or administrative actions against Plaintiff States that are "consistent with" agency positions "in the challenged documents" so long as Defendants simply avoid express references to those enjoined directives. ECF No. 97 at 3. This Court's preliminary injunction was designed to protect Plaintiff States from Defendants' enforcement of Title VII and Title IX "consistent with the challenged guidance." ECF No. 86 at 13; *see, e.g.*, *id.* at 22 ("[B]ecause Defendants have pledged to enforce Title VII and Title IX consistent with the guidance, Plaintiffs are left in a quandary."); *id.* at 32 ("Defendants have left no doubt that they intend to enforce their respective governing statutes consistent with the guidance."). Defendants cannot circumvent the preliminary injunction by engaging in enforcement actions consistent with the enjoined guidance while strategically avoiding express references to them. *Cf. Sherwood v. Tenn. Valley Auth.*, No. 21-5927, 2022 WL 3584957, at *4-5 (6th Cir. Aug. 22, 2022) (ruling that district court abused its discretion in dissolving injunction when the federal agency promulgated a new but "arguably indistinguishable" policy that "would have the same negative impact on plaintiffs that caused them to seek an injunction in the first place").

This Court made clear that the "EEOC's guidance identifies and creates rights for applicants and employees that have not been established by federal law," ECF No. 86 at 42, and that "the Department of Education's guidance creates rights for students and obligations for regulated entities not to discriminate based on sexual orientation or gender identity that appear nowhere in *Bostock*, Title IX, or its implementing regulations," *id.* at 41. Any enforcement action against Plaintiff States consistent with the enjoined guidance, therefore, would be unlawful action based on the enjoined documents; Defendants cannot sidestep the injunction merely by claiming that those enforcement actions are based on "regulations" and "case law" beyond the enjoined guidance. ECF No. 97 at 2. In short, this Court enjoined and restrained the Defendants and persons acting in concert or participation with them "from implementing" the challenged guidance documents against Plaintiff States. ECF No. 86 at 46. That injunction does not allow the Defendants to engage in end-runs around it by simply not referring to the enjoined guidance by name, and Plaintiff States will take appropriate action if Defendants attempt to engage in such enforcement action.

*Third*, this Court's preliminary injunction order bars Defendants and persons acting in concert or participation with them from implementing the challenged guidance documents against the entirety of Plaintiff States, including political subdivisions, employers, citizens, and residents within those Plaintiff States' jurisdiction. ECF No. 86 at 46. The Court ruled that "the challenged guidance documents" injured Plaintiff States by attempting to "'tell[] them what they can or cannot do' within their jurisdiction with respect to their treatment of individuals based on sexual orientation and gender identity." *Id.* at 16 (quoting *Arizona v. Biden*, 31 F.4th 469, 474 (6th Cir. 2022)). The Court's "state-specific injunction," *Arizona v. Biden*, 40 F.4th 375, 397 (6th Cir. 2022) (Sutton, C.J., concurring), thus protects the 20 Plaintiff States in this case but does not apply

4

nationwide to avoid "burden[ing] the States that did not join this litigation," ECF No. 86 at 46 n.18. Plaintiff States will take appropriate action if the Defendants attempt to implement the challenged guidance against Plaintiff States, including the political subdivisions, employers, citizens, and residents within their jurisdiction.

Dated: August 30, 2022                                    Respectfully submitted,

/s/ Clark L. Hildabrand (BPR #038199)
HERBERT H. SLATERY III
  *Attorney General and Reporter of Tennessee*
ANDRÉE S. BLUMSTEIN
  *Solicitor General*
CLARK L. HILDABRAND
BRANDON J. SMITH
  *Assistant Solicitors General*
STEVEN J. GRIFFIN*
  *Assistant Attorney General*
Office of the Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
(615) 253-5642
Clark.Hildabrand@ag.tn.gov
**Counsel for State of Tennessee**

/s/ A. Barrett Bowdre
STEVE MARSHALL
  *Attorney General of Alabama*
A. BARRETT BOWDRE*
  *Deputy Solicitor General*
State of Alabama
Office of the Attorney General
501 Washington Ave.
Montgomery, AL 36130
(334) 242-7300
Barrett.Bowdre@AlabamaAG.gov
**Counsel for State of Alabama**

/s/ Cori M. Mills
TREG R. TAYLOR
  *Attorney General of Alaska*
CORI M. MILLS*
  *Deputy Attorney General*
State of Alaska
P.O. Box 110300
Juneau, AK 99811
(907) 465-3600
cori.mills@alaska.gov
**Counsel for State of Alaska**

/s/ Kate B. Sawyer
MARK BRNOVICH
  *Attorney General of Arizona*
KATE B. SAWYER*
  *Assistant Solicitor General*
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, AZ 85004
(602) 542-8304
Kate.Sawyer@azag.gov
**Counsel for State of Arizona**

/s/ Nicholas J. Bronni
LESLIE RUTLEDGE
  *Attorney General of Arkansas*
NICHOLAS J. BRONNI*
  *Solicitor General*
Office of the Arkansas Attorney General
323 Center St., Suite 200
Little Rock, AR 72201
(501) 682-6307
nicholas.bronni@arkansasag.gov
**Counsel for State of Arkansas**

/s/ Drew F. Waldbeser
CHRISTOPHER M. CARR
  *Attorney General of Georgia*
STEPHEN J. PETRANY
  *Solicitor General*
DREW F. WALDBESER*
  *Deputy Solicitor General*
Office of the Georgia Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334
(404) 458-3378
dwaldbeser@law.ga.gov
**Counsel for State of Georgia**

/s/ W. Scott Zanzig
LAWRENCE G. WASDEN
  *Attorney General of Idaho*
W. SCOTT ZANZIG*
  *Deputy Attorney General*
Office of the Idaho Attorney General
P.O. Box 83720
Boise, ID 83720
(208) 332-3556
scott.zanzig@ag.idaho.gov
**Counsel for State of Idaho**

/s/ Thomas M. Fisher
THEODORE E. ROKITA
  *Attorney General of Indiana*
THOMAS M. FISHER*
  *Solicitor General*
Office of the Indiana Attorney General
IGC-South, Fifth Floor
302 West Washington St.
Indianapolis, IN 46204
(317) 232-6255
Tom.Fisher@atg.in.gov
**Counsel for State of Indiana**

/s/ Kurtis K. Wiard
DEREK SCHMIDT
  *Attorney General of Kansas*
KURTIS K. WIARD*
  *Assistant Solicitor General*
Office of the Kansas Attorney General
120 S.W. 10th Ave.
Topeka, KS 66612
(785) 296-2215
kurtis.wiard@ag.ks.gov
**Counsel for State of Kansas**

/s/ Marc Manley
DANIEL CAMERON
  *Attorney General of Kentucky*
MARC MANLEY*
  *Assistant Attorney General*
COURTNEY E. ALBINI
  *Assistant Solicitor General*
Office of the Kentucky Attorney General
700 Capital Ave., Suite 118
Frankfort, KY 40601
(502) 696-5300
Marc.Manley@ky.gov
**Counsel for Commonwealth of Kentucky**

/s/ Elizabeth B. Murrill
JEFF LANDRY
  *Attorney General of Louisiana*
ELIZABETH B. MURRILL*
  *Solicitor General*
J. SCOTT ST. JOHN*
  *Deputy Solicitor General*
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6766
emurrill@ag.louisiana.gov
stjohnj@ag.louisiana.gov
**Counsel for State of Louisiana**

/s/ Justin L. Matheny
LYNN FITCH
  *Attorney General of Mississippi*
JUSTIN L. MATHENY*
  *Deputy Solicitor General*
State of Mississippi
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205
(601) 359-3680
justin.matheny@ago.ms.gov
**Counsel for State of Mississippi**

/s/ D. John Sauer
ERIC S. SCHMITT
  *Attorney General of Missouri*
D. JOHN SAUER*
  *Solicitor General*
Office of the Missouri Attorney General
P.O. Box 899
Jefferson City, MO 65102
(573) 751-8870
John.Sauer@ago.mo.gov
**Counsel for the State of Missouri**

/s/ Christian B. Corrigan
AUSTIN KNUDSEN
  *Attorney General of Montana*
DAVIS M.S. DEWHIRST
  *Solicitor General*
CHRISTIAN B. CORRIGAN*
  *Assistant Solicitor General*
Office of the Montana Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620
(406) 444-2707
Christian.Corrigan@mt.gov
**Counsel for State of Montana**

/s/ James A. Campbell
DOUGLAS J. PETERSON
  *Attorney General of Nebraska*
JAMES A. CAMPBELL*
  *Solicitor General*
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
(402) 471-2682
jim.campbell@nebraska.gov
**Counsel for State of Nebraska**

/s/ Benjamin M. Flowers
DAVE YOST
  *Attorney General of Ohio*
BENJAMIN M. FLOWERS*
  *Solicitor General*
Office of the Ohio Attorney General
30 E. Broad St., 17th Floor
Columbus, OH 43215
(614) 446-8980
bflowers@OhioAGO.gov
**Counsel for State of Ohio**

/s/ Zach West
JOHN M. O'CONNOR
  *Attorney General of Oklahoma*
ZACH WEST*
  *Assistant Solicitor General*
Office of the Attorney General
State of Oklahoma
313 N.E. 21st St.
Oklahoma City, OK 73105
(405) 522-4798
Zach.West@oag.ok.gov
**Counsel for State of Oklahoma**

/s/ J. Emory Smith, Jr.
ALAN WILSON
  *Attorney General of South Carolina*
J. EMORY SMITH, JR.*
  *Deputy Solicitor General*
Office of the South Carolina Attorney General
P.O. Box 11549
Columbia, SC 29211
(803) 734-3680
esmith@scag.gov
***Counsel for State of South Carolina***

/s/ Paul Swedlund
MARK A. VARGO
  *Attorney General of South Dakota*
Office of the South Dakota Attorney General
PAUL SWEDLUND**
  *Assistant Attorney General*
1302 East Highway 14, Suite 1
Pierre, SD 57501
(605) 773-3215
paul.swedlund@state.sd.us
***Counsel for State of South Dakota***

/s/ Lindsay S. See
PATRICK MORRISEY
  *Attorney General of West Virginia*
LINDSAY S. SEE*
  *Solicitor General*
Office of the West Virginia Attorney General
State Capitol Bldg. 1, Room E-26
Charleston, WV 25305
(681) 313-4550
lindsay.s.see@wvago.gov
***Counsel for State of West Virginia***


**\* Admitted Pro Hac Vice**
**\*\* Pro Hac Vice Application Pending**

9