UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| THE STATE OF TENNESSEE, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:21-cv-00308<br><br>District Judge Charles E. Atchley, Jr. |

## DEFENDANTS' MOTION TO STRIKE INTERVENOR COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(f), Defendants respectfully move the Court to strike the Complaint of Intervenor Association of Christian Schools International ("ASCI") and A.F. (collectively, "Intervenors"), ECF No. 104, for failure to comply with the limitations expressly set forth by this Court. On October 4, 2021, Intervenors moved to intervene in this action, ECF No. 51, attaching a proposed complaint, ECF No. 51-6, which asserted new claims and sought relief beyond that sought by Plaintiffs in the initial Complaint (Initial Complaint). On September 14, 2022, the Court granted in part and denied in part the motion to intervene, allowing Intervenors to file a complaint "only insofar as it *asserts the same claims and seeks the same relief as Plaintiffs' Complaint* [Doc. 1]." ECF No. 102 at 1. This holding was based upon the Court's finding that Intervenors lack standing as to any "claims and requests for relief that go beyond Plaintiffs' Complaint." *Id.* at 12. The Court undertook a careful analysis of Intervenors' proposed complaint to determine whether Intervenors were seeking the same relief, based upon the same claims, as Plaintiffs, and held that any claims or relief sought by Intervenors that differed from those contained in Plaintiffs' original Complaint could

not be included in Intervenors' complaint. *Id.* at 8-12. The Court concluded the order by expressly noting that "Intervenors are put **ON NOTICE** that any complaint that is not limited as set forth in this Order will be stricken." *Id.* at 14 (emphasis in original).

On September 19, 2022, Intervenors filed their Intervenor Complaint. ECF No. 104. The Intervenors' Complaint fails to comply with the limitations expressly set forth in this Court's September 14, 2022 Order, and therefore should be stricken. In particular, the Intervenors' Complaint now seeks a declaratory judgment that:

> Title IX and its implementing regulations do not prohibit the Plaintiff States, Title IX recipients in the Plaintiff States, *or Intervenor-Plaintiffs or their members in the Plaintiff States* from maintaining athletic teams separated by biological sex or from assigning an individual to a team based on the individual's biological sex.

ECF No. 104 at 57 (emphasis added). This is seeking injunctive relief above and beyond what is sought in the Initial Complaint which seeks:

> A declaratory judgment that Title IX does not prohibit Plaintiffs and Title IX recipients located therein from maintaining athletic teams separated by biological sex or from assigning an individual to a team based on the individual's biological sex.

ECF No. 1 at 33. Intervenors are therefore specifically seeking to enlarge the scope of declaratory relief sought in the action to include Intervenors or their members. *Accord Sherman v. Town of Chester*, 339 F. Supp. 3d 346, 358 (S.D.N.Y. 2018) (denying intervention to the extent proposed intervenor raised a "takings claim . . . in its own name"). But this Court properly recognized that "for all relief that is sought, there must be a litigant with standing," and Intervenors had "failed to establish standing as to the claims and requests for relief that go beyond Plaintiffs' Complaint." ECF No. 102 at 5, 12. As a result, the Court specifically denied intervention "to the extent the requested declarations exceed Plaintiffs' request for declaratory judgment regarding Title IX." *Id.* at 14; *see also Town of Chester, N.Y. v. Laroe Ests., Inc.*, 137 S. Ct. 1645, 1651 (2017) (holding that standing is required when a proposed intervenor seeks "additional relief beyond that which the plaintiff requests"). Intervenors again seek

2

a declaration that clearly exceeds Plaintiffs' request for declaratory judgment regarding Title IX, and because Intervenors lack standing, the Intervenor Complaint should be stricken.

Furthermore, while Intervenors have removed most of their former claims included in their original proposed complaint, *see,* ECF No. 51-6 ¶¶ 314-30, that Title IX requires consideration of biological sex, they still include this argument in their APA Arbitrary and Capricious cause of action. Specifically, Intervenors include in their Intervenor Complaint an assertion that:

> The Interpretation and the Fact Sheet contradict the text, structure, legislative history, and historical judicial interpretation of Title IX and its implementing regulations, all of which confirm that "sex" means biological sex – that is, a person's status as male or female as determined by biology – and require that biological sex to be taken into account to ensure women have equal opportunities in athletics.

ECF No. 104 ¶ 320. This is plainly an assertion that "sex" for Title IX purposes means "biological sex," which was the gravamen of Intervenors' Title IX argument that the Court held they lack standing to bring, and is not part of Plaintiffs' APA argument in the Initial Complaint. Accordingly, because the Court has already held that Intervenors lack standing to make this argument as part of this litigation, their attempt to include the argument in their Intervenor Complaint as part of a different cause of action should be rejected, and the Intervenor Complaint should be stricken for failure to comply with the limitations expressly set forth by this Court.

Dated: September 30, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

CARLOTTA WELLS
Assistant Director, Federal Programs Branch

/s/ *Michael Drezner*
CHRISTOPHER R. HEALY
MICHAEL DREZNER
MARTIN M. TOMLINSON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 514-4505
Email: Michael.L.Drezner@usdoj.gov

*Counsel for Defendants*