UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| THE STATE OF TENNESSEE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, <br><br> Defendants. | Case No. 3:21-cv-00308 <br><br> District Judge Charles E. Atchley, Jr. |

**DEFENDANTS' UNOPPOSED MOTION TO STAY
DISTRICT COURT PROCEEDINGS PENDING APPEAL**

Defendants respectfully request that the Court stay further proceedings in this case pending Defendants' appeal of the Preliminary Injunction of this Court, ECF No. 86. *State of Tennessee, et al. v. Dep't of Educ., et al.*, No. 22-5807 (6th Cir.). As explained below, the Sixth Circuit's ruling on the issues on appeal, including threshold issues, could significantly impact the ultimate resolution of this case. A stay of proceedings would thus promote efficiency, conserve both judicial and party resources, and permit the Parties and the Court to receive the Sixth Circuit's direction in any further proceedings. Further, because this Court's preliminary injunction remains in effect, Plaintiffs will not be prejudiced by the requested stay. Accordingly, this Court should exercise its discretion to temporarily stay district court proceedings during the pendency of the Sixth Circuit appeal. Defendants' counsel conferred with counsel for Plaintiffs and Intervenors, who each indicated that they do not oppose this request for a stay.

## BACKGROUND

On August 30, 2021, Plaintiffs, 20 States, brought suit in this matter asserting that documents issued by the U.S. Equal Employment Opportunity Commission ("EEOC") and the U.S. Department of Education ("ED") were issued in violation of the Administrative Procedure Act ("APA"), violated the Spending Clause and principles of Separation of Powers laid out in the Constitution, and violated the First and Tenth Amendments to the Constitution. ECF No. 1. On September 2, 2021, Plaintiffs moved for a preliminary injunction enjoining Defendants from enforcing the specific documents challenged by Plaintiffs' Complaint. ECF No. 10. On September 23, 2021, Defendants moved to dismiss Plaintiffs' Complaint pursuant to Federal Rules 12(b)(1) and 12(b)(6). ECF No. 49. On November 3, 2021, this Court held oral argument on the Plaintiffs' Motion for a Preliminary Injunction, Defendants' Motion to Dismiss, and a motion to intervene filed by several entities seeking to intervene as plaintiffs. ECF No. 70.

On July 15, 2022, this Court issued an order and opinion denying Defendants' Motion to Dismiss, and granting Plaintiffs' Motion for Preliminary Injunction. ECF No. 86. In doing so, the Court held that Plaintiffs' claims were justiciable, that Plaintiffs had shown a likelihood of success on the merits of their claim that Defendants issued the documents at issue in violation of the APA because they did not go through notice and comment rulemaking prior to issuing the documents,[1] and that Plaintiffs had demonstrated that they would be irreparably harmed in the absence of a preliminary injunction and that the balance of equities and public interest favored the entry of an injunction. *Id.* Accordingly, the Court ordered that Defendants were enjoined "from implementing the Interpretation, Dear Educator Letter, Fact Sheet, and the Technical Assistance Document against

---

[1] The Court expressly declined to reach the issue of whether Plaintiffs had shown a likelihood of success on the merits of any of their other causes of action.

Plaintiffs." *Id.* at 46. On September 13, 2022, Defendants filed a Notice of Appeal of the Court's Order. ECF No. 100.

## ARGUMENT

A "[d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The court may exercise this power in the interest of, among other things, "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Knoll v. AT&T Co.*, 176 F.3d 359, (6th Cir. 1999) (holding that "district court must be given substantial discretion" in using its inherent authority "to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties'") (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)); *In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993) ("District courts unquestionably have substantial inherent power to manage their dockets.").

Consistent with that inherent discretionary power, courts may stay further district court proceedings pending the outcome of an interlocutory appeal. In determining whether to issue a stay pending appeal, a court generally considers whether granting the stay "will foster judicial economy and judicial administration." *See Sexton v. Cernuto*, Case No. 19-12574, 2021 WL 949541 at *3-*4 (E.D. Mich. Mar. 12, 2021); *see also Johnson v. City of Saginaw*, No. 17-13174, 2019 WL 1400408, at *5 (E.D. Mich. Mar. 28, 2019) ("[J]udicial economy calls for a stay of the case as the issues reviewed by the Sixth Circuit may impact those present in this case."). District courts in this circuit routinely stay further proceedings pending the outcome of an appeal where the holding of the Sixth Circuit is likely to have an impact on the remaining issues before the district court. *See, e.g., Sexton*, 2021 WL 949541 at *4 (holding that proceedings should be stayed pending the outcome of appeal because "the issues reviewed by the Sixth Circuit . . . may impact the issues on which Dunn will be tried, and further, trying Dunn before Cernuto's appeal is resolved would result in duplication, waste, and additional

3

expense"); *ARGI Fin. Grp., LLC v. Hardigg*, No. 3:20-cv-587-RGJ, 2020 WL 12812978 at *1-*2 (W.D. Ky. Dec. 8, 2020) (granting request to stay proceedings pending outcome of appeal of preliminary injunction order because where party requesting the stay "agrees to continue to abide by the Preliminary Injunction, the Court does not believe a stay of discovery or other trial proceedings would substantially injure" the other parties and the decision of the Sixth Circuit on the appeal of the preliminary injunction "would for all practical purposes impact the case on its merits"); *Am. Home Shield Corp. v. Ozur*, No. 16-cv-2400-SHL-tmp, ECF No. 62 (W.D. Tenn. Dec. 5, 2016); (staying all further proceedings pending the outcome of the Sixth Circuit's decision on the appeal of a preliminary injunction); *Rondigo LLC v. Township of Richmond, Mich.*, No. 08-10432, 2009 WL 10681186 at *2-*4 (E.D. Mich. Dec. 9, 2009) (holding that "sound judicial administration compels" the court to grant a stay pending appeal because to proceed while part of the case was on appeal "is a recipe for needless duplication, waste, and expense").

Here, one of the issues on appeal is whether Plaintiffs satisfied the threshold justiciability requirements in this matter. In the event the Sixth Circuit holds for Defendants on some or all of those issues, it could potentially resolve or significantly narrow the scope of the case going forward. Similarly, another issue raised on appeal is whether Plaintiffs are likely to succeed on the merits of their claim that Defendants violated the APA by issuing the documents at issue without first going through notice and comment rulemaking. In the event the Sixth Circuit addresses this issue on appeal, its holding will certainly inform the Parties', and the Court's, approach to the issue of whether Plaintiffs ultimately prevail on that claim.

Moving forward to consideration of the merits of Plaintiffs' claims while the Sixth Circuit may soon resolve issues that are at the heart of this litigation risks piecemeal litigation, inconsistent rulings, and wasted effort by both the Parties and the Court. Without a stay, the Parties will move forward to summary judgment briefing on the merits, even though the decision of the Sixth Circuit will

4

undoubtedly govern at least some of the legal issues addressed in such briefing and could potentially render all briefing of merits issues irrelevant. Furthermore, once briefing is complete the Court would be called upon to issue a decision on some of the same issues before the Sixth Circuit, without the benefit of the Sixth Circuit's governing holding on those issues, running the risk of inconsistent holdings on essentially identical questions of law.

In short, it would be a poor use of both the Parties' and the Court's resources to not wait for the Sixth Circuit to resolve the issues before it in the Defendants' interlocutory appeal. There can be no reasonable dispute that the Sixth Circuit's forthcoming decision will have a substantial, if not controlling, effect on the central claims before the Court in this matter. A stay is all the more practical here given that there will be no prejudice to Plaintiffs from a stay of district court proceedings, given that this Court's preliminary injunction would remain in place during the stay. *See, e.g.*, *Hardigg*, 2020 WL 12812978 at *2 ("[B]ecause Hardigg agrees to continue to abide by the Preliminary Injunction, the Court does not believe a stay of . . . trial proceedings would substantially injure ARGI."). This Court granted Plaintiffs the injunctive relief they sought in their motion for a preliminary injunction, and therefore they have received the immediate relief sought, which will remain in place throughout the duration of the requested stay.

Accordingly, a stay of further proceedings in this Court until after the Sixth Circuit renders a decision on Defendants' interlocutory appeal will conserve the resources of all Parties and the Court by avoiding further proceedings that could potentially be impacted or rendered unnecessary by a decision of the court of appeals and would not prejudice Plaintiffs, and therefore should be granted.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their unopposed motion to stay district court proceedings pending appeal.

5

Case 3:21-cv-00308-CEA-DCP   Document 110   Filed 10/28/22   Page 5 of 6   PageID #: 2544

Dated: October 28, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

CARLOTTA WELLS
Assistant Director, Federal Programs Branch

/s/ *Martin M. Tomlinson*
CHRISTOPHER R. HEALY
MICHAEL DREZNER
MARTIN M. TOMLINSON
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-4556
Email: martin.m.tomlinson@usdoj.gov

*Counsel for Defendants*