UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THE STATE OF TENNESSEE, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 3:21-cv-308 |
| v. ) | |
| ) | Judge Atchley |
| ) | |
| UNITED STATES DEPARTMENT OF ) | Magistrate Judge Poplin |
| EDUCATION, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**ORDER**

Before the Court are Defendants' Motion to Strike Intervenor Complaint [Doc. 107] and Unopposed Motion to Stay Further District Court Proceedings Pending Appeal [Doc. 110]. For reasons that follow, the Motion to Strike Intervenor Complaint [Doc. 107] will be **DENIED** and the Unopposed Motion to Stay Further District Court Proceedings Pending Appeal [Doc. 110] will be **GRANTED**.

    **I.**    **MOTION TO STRIKE**

On September 14, 2022, the Court granted in part the Motion to Intervene [Doc. 51] by the Association of Christian Schools International ("ACSI") and minors A.S., C.F., and A.F. (with ACSI, "Intervenor-Plaintiffs"). [Doc.102]. In accordance with Rule 24(c), the Intervenor-Plaintiffs filed a proposed complaint with their motion. [Doc. 51-6]. The Court held that Intervenor-Plaintiffs had not established standing with respect to certain claims and relief sought in their proposed complaint. [Doc. 102]. Accordingly, they were permitted to "join and file their proposed complaint only insofar as it asserts the same claims and seeks the same relief as Plaintiffs' Complaint [Doc. 1]." [*Id.* at 1].

The Court's Memorandum Opinion and Order carefully analyzed the proposed complaint, delineating which claims exceeded the scope of relief sought by Plaintiff States. The Court denied intervention as to the following:

- Count I, sex discrimination for failure to provide effective accommodation in violation of 20 U.S.C. § 1681;
- Count II, failure to provide equal treatment, benefits, and opportunities for girls in violation of 20 U.S.C. § 1681;
- Count VI under the Regulatory Flexibility Act, 5 U.S.C. § 601;
- Prayer for Relief ¶¶ 4 and 6, to the extent the requested declarations exceed Plaintiffs' request for declaratory judgment regarding Title IX; and
- Prayer for Relief ¶ 8, for nominal damages and any actual damages.

[*Id.* at 14]. The Memorandum Opinion also put intervenors "**ON NOTICE** that any complaint filed that is not limited as set forth in this Order will be stricken." [*Id.* at 14].

On September 19, 2022, Intervenor-Plaintiffs filed their Intervenor Complaint [Doc. 104]. The Intervenor Complaint does omit the claims and requests for relief specifically identified in the Court's Memorandum Opinion. But it also makes other changes.[1] Defendants point to two other changes that they contend seek relief that differs from that sought by Plaintiffs, and thus exceeds the permissible scope of intervention.

A motion to strike "is a drastic remedy to be resorted to only when required for purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). Ordinarily, a motion to strike "should be granted only when the pleading to be stricken has

---

[1] The Intervenor Complaint omits two of the minor student athletes who originally sought to intervene as plaintiffs, as these students are no longer in high school and are not participating in college athletics. [Doc. 104 at pg. 2 n.1]. Defendants do not challenge this omission.

no possible relation to the controversy." *Id.* This is not a typical situation, however, because the Court put Intervenor-Plaintiffs on notice that a pleading that did not comply with the Memorandum Opinion and Order would be stricken. Nonetheless, the standard highlights that striking a pleading is strongly disfavored.

First, Defendants argue Intervenor-Plaintiffs' prayer for relief exceeds the permissible scope of intervention. The proposed intervenor complaint originally sought:

> A declaratory judgment that Title IX and its implementing regulations do not prohibit discrimination on the basis of sexual orientation or gender identity, including by any acts that tend to prohibit males from participating in female athletics.

[Doc. 51-6 at 62, ¶ 4]. The Court previously explained that in this request for relief, Intervenors sought a more expansive declaratory judgment regarding the scope of Title IX. They sought a declaration "that Title IX – as a whole – does not prohibit discrimination on the basis of sexual orientation or gender identity." [Doc. 102 at 9]. In contrast, Plaintiff States sought a more limited declaratory judgment that, *inter alia*, Title IX recipients were not prohibited from maintaining athletic teams separated by biological sex or from assigning an individual to a team based on the individual's biological sex. [Doc. 1 at 33].

In accordance with the Court's Memorandum Opinion and Order [Doc. 102], Intervenor-Plaintiffs modified this request for declaratory judgment to mirror Plaintiffs' Complaint, with one addition:

> A declaratory judgment that Title IX and its implementing regulations do not prohibit the Plaintiff States, Title IX recipients in the Plaintiff States, *or Intervenor-Plaintiffs or their members in the Plaintiff States* from maintaining athletic teams separated by biological sex or from assigning an individual to a team based on the individual's biological sex;

[Doc. 104 at pg. 57, ¶ 4] (emphasis added). Defendants contend this request for relief still exceeds the scope of the Complaint because it includes Intervenors and their members. Intervenor-Plaintiffs

argue this is a distinction without a difference because Intervenor member schools within the Plaintiff States are just a subset of Title IX recipients already covered by the States' request. [Doc. 109 at 3]. They argue they are "requesting relief that overlaps entirely with the relief requested by the States." [*Id.*]. Plaintiffs further show that because only recipients of federal funding are subject to Title IX and its implementing regulations, Intervenor member schools that are not Title IX recipients are already not bound by Title IX, and so "are self-evidently outside the scope of this request for relief." [Doc. 109 at 3 n.1]. Defendants did not reply to this argument.

The Court agrees that this request for declaratory judgment is substantially similar to that sought by Plaintiffs. Consistent with Rule 24's requirement that a proposed pleading be filed with a motion to intervene, the better practice is for an intervenor to file the proposed complaint as written. Filing a modified pleading after being granted leave to intervene could easily circumvent the purpose of this requirement. This is because the Court's analysis – and any opposition to intervention – can only be based on the proposed complaint. Nonetheless, Intervenor-Plaintiffs were required to modify this request to comport with Plaintiffs' Complaint, and the addition does not materially alter the request for relief.

Second, Defendants argue that in Claim Two: Agency Action that is Arbitrary, Capricious, and an Abuse of Discretion, Intervenor Plaintiffs added language asserting that under Title IX and its implementing regulations, "sex" means biological sex, and "require[s] that biological sex be taken into account to ensure women have equal opportunities in athletics." [Doc. 107 at 3; Doc. 104 at ¶ 320]. This claim also adds an allegation that the Department failed to consider the impact on the interests of female athletes. [*Id.* at 323]. Defendants say Intervenor-Plaintiffs lack standing to bring a Title IX claim, so they lack standing to raise arguments related to this claim. Intervenor-Plaintiffs say that this is simply an argument to support their APA claim, not a free-standing claim

4

for relief. The Court agrees. Accordingly, Defendants' Motion to Strike Intervenor Complaint [Doc. 107] is **DENIED**.

##      II.     MOTION TO STAY

Defendants move the Court to stay further proceedings in this case pending their appeal of the Court's Memorandum Opinion and Order [Doc. 86], which granted Plaintiffs' motion for preliminary injunction. [Doc. 110]. Defendants show that the United States Court of Appeals for the Sixth Circuit's resolution of the appeal may resolve or significantly narrow the scope of this litigation. They submit that staying the case would be in the interest of judicial economy and avoid potentially inconsistent rulings and wasted effort by the parties and the Court. Further, because the Court granted Plaintiffs' request for injunctive relief, Plaintiffs will not be prejudiced by a stay. The Motion to Stay represents that Plaintiffs and Intervenor-Plaintiffs do not oppose the request. [Doc. 110 at 1].

"[D]istrict courts have inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1982 (2016). Incident to that authority is the "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). The moving party bears the burden of demonstrating that a stay is warranted. *Clinton*, 520 U.S. at 709.

Because issuance of a preliminary injunction requires the District Court to assess the plaintiff's likelihood of success on the merits, an appeal of an injunction can touch on the merits of a plaintiffs' case. Under those circumstances, a stay conserves the resources of the parties and the Court, avoids inconsistent reasoning on related legal issues, and streamlines the litigation. Here, Defendants have appealed the Court's findings on certain threshold justiciability issues as well, making a stay appropriate. And while Plaintiff States do not oppose a stay, the Court observes

that the preliminary injunction also mitigates prejudice to the States that a stay might otherwise cause. For good cause shown and based on the lack of opposition, Defendants' Unopposed Motion to Stay Further District Court Proceedings Pending Appeal [Doc. 110] will therefore be **GRANTED** and this matter **STAYED** pending appeal of the preliminary injunction Order [Doc. 86].

### III. CONCLUSION

Accordingly, Defendants' Motion to Strike Intervenor Complaint [Doc. 107] is **DENIED**. Defendants' Unopposed Motion to Stay Further District Court Proceedings Pending Appeal [Doc. 110] is **GRANTED** and this matter is **STAYED** pending appeal.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**