Anthony R. Napolitano, (#034586)
**Bergin, Frakes, Smalley & Oberholtzer, PLLC**
4343 E. Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone: (602) 888-7858
Facsimile: (602) 888-7856
anapolitano@bfsolaw.com
*Attorney for Plaintiff State of Arizona*

IN THE UNITED STATES DISTRICT COURT

IN THE EASTERN DISTRICT OF TENNESEE

| | |
|---|---|
| State of Tennessee, et al.,<br><br>Plaintiff,<br><br>v.<br><br>United States Department of Education, et al.,<br><br>Defendants. | No: 3:21-cv-00308-CEA-DCP<br><br>**PLAINTIFF STATE OF ARIZONA'S MOTION TO DROP STATE OF ARIZONA AS A PARTY (UNOPPOSED BY DEFENDANTS)** |

Pursuant to Fed. R. Civ. P. 21 ("Rule 21"), the State of Arizona hereby moves this Court to drop it as a party from this action.

**A.     The motion is meritorious.**

The State of Arizona no longer wishes to continue litigating the above-captioned matter or any appeal arising from it.

This Court has previously expressed that Rule 21 is the appropriate vehicle for such a motion, and that Rule 21 is "governed under a liberal standard." *Cosby v. KPMG, LLP*, No. 3:16-CV-121-TAV-DCP, 2020 WL 3529659, at *3 (E.D. Tenn. June 29, 2020) (citing *Thorn v. Bob Evans Farms, LLC*, No. 2:12-CV-768, 2013 WL 2456336, at *2 (S.D. Ohio June 6, 2013)).

Defendants do not oppose this motion.

**B. The opposition of other plaintiff states is unpersuasive.**

The other plaintiff states have stated through counsel that they "would oppose the district court granting [this] Motion while the Sixth Circuit has jurisdiction over the preliminary injunction appeal and would encourage the district court to defer its ruling until a more appropriate juncture." This objection is unpersuasive for four reasons.

First, it is not up to other plaintiff states to decide whether Arizona can drop itself from this action. That is for Arizona to decide, as long as Defendants consent. A related rule makes this clear. Under Rule 15, a party may amend its pleading "with the *opposing party's* written consent." Fed. R. Civ. P. 15(a)(2) (emphasis added); *see also Cosby*, 2020 WL 3529659, at *3 (stating that Rule 15, like Rule 21, is "governed under a liberal standard"). The consent of co-plaintiffs is not needed.

Second, while it is true that this Court's preliminary injunction is on appeal, that "does not divest the district court of jurisdiction to proceed with the action on the merits." *Zundel v. Holder*, 687 F.3d 271, 282 (6th Cir. 2012) (quoting *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995)). Because this Court retains jurisdiction to proceed on the merits, this Court also retains jurisdiction to do something as simple as grant a plaintiff's request to drop itself.[1]

Third, no prejudice would result from dropping Arizona as a party. Arizona does not seek to disrupt claims of other states. And there are nineteen other plaintiff states, so Arizona's continued participation is not necessary.

Fourth, in contrast, prejudice will result from keeping Arizona in this action. Contrary to Arizona's desires, Arizona remains publicly listed as a plaintiff in this Court—and, by extension, an appellee in the Sixth Circuit. Because of this, Arizona is continuing

---

[1] This Court previously granted an unopposed motion to stay proceedings pending appeal. (Dkt. 111.) But that stay was not intended to prevent the Court from taking *any* action. Indeed, the Court has taken action since then such as granting withdrawal of counsel for Missouri. (Dkt. 125.) If necessary, however, Arizona asks the Court to lift the stay to the extent needed to drop itself as a party.

to devote resources to this matter against its wishes, including monitoring this Court's docket and the Sixth Circuit docket in which oral argument has been set for April 26.

In sum, Arizona seeks to withdraw and drop itself from this action; Defendants do not oppose this request; and no good reason supports opposition.

RESPECTFULLY SUBMITTED this 27th day of March, 2023.

**BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC**

By: */s/ Anthony R. Napolitano*
Anthony R. Napolitano
4343 E. Camelback Road, Suite 210
Phoenix, Arizona 85018
*Attorney for Plaintiff State of Arizona*

### CERTIFICATE OF SERVICE

On this 27th day of March, 2023, the foregoing was filed with the Eastern District of Tennessee's Court Clerk's Office using the CM/ECF System for filing, which will provide a Notice of Electronic Filing to all CM/ECF registrants.

By: */s/ Shelly Curry*