UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| THE STATE OF TENNESSEE, et al., | ) |
| Plaintiffs, | ) |
| —and— | ) |
| ASSOCIATION OF CHRISTIAN SCHOOLS INTERNATIONAL, et al., | ) Case No. 3:21-cv-308-CEA-DCP |
| Intervenor-Plaintiffs, | ) |
| v. | ) |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | ) |
| Defendants. | ) |

**RESPONSE OF CO-PLAINTIFF STATES IN OPPOSITION TO
STATE OF ARIZONA'S MOTION TO DROP STATE OF ARIZONA AS A PARTY**

The Plaintiff States of Tennessee, Alabama, Alaska, Arkansas, Georgia, Kansas, Idaho, Indiana, Kentucky, Louisiana Mississippi, Missouri, Montana, Nebraska, Ohio, Oklahoma, South Carolina, South Dakota, and West Virginia (hereinafter "Co-Plaintiff States") do not oppose this Court ultimately dropping Arizona from this action once Defendants' preliminary injunction appeal has been resolved and the Court's stay of further proceedings has been lifted. However, at this juncture of the case, the Court should deny or, alternatively, defer ruling on the State of Arizona's motion to drop itself as a party [ECF No. 129] to avoid potential interference with the jurisdiction currently held by the U.S. Court of Appeals for the Sixth Circuit.

**A. This Court likely lacks jurisdiction to drop the State of Arizona as a party while Defendants' preliminary injunction appeal remains pending.**

It is well established that "the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals." *City of Cookeville v. Upper*

1

*Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007) (citing *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981)); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (filing of an appeal "divests the district court of its control over those aspects of the case involved in the appeal"); *Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dept. of Natural Resources*, 71 F.3d 1197, 1203 (6th Cir. 1995) (filing a notice of appeal "divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal"). A federal district court and a federal court of appeals "should not attempt to assert jurisdiction over a case simultaneously." *Griggs*, 459 U.S. at 58. Generally, a federal district court is "deprived of jurisdiction over an order once a notice of appeal of that order is filed." *Graveline v. Johnson*, 2018 WL 4184577, at *2 (E.D. Mich. Aug. 30, 2018) (citing *Griggs*, 459 U.S. at 58).

Although a district court does retain jurisdiction to enforce its judgment, it "may not alter or enlarge the scope of its judgment pending appeal." *City of Cookeville*, 484 F.3d at 394 (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)); *see also Ohio State Conf. of the NAACP v. Husted*, No. 2:14-404, 2014 WL 6698763, at *2 (S.D. Ohio Nov. 26, 2014) (holding court lacked jurisdiction to rule on party's request to intervene at that point in time because doing so "could alter the scope of the judgment which is before the appellate court").

The State of Arizona has failed to address how dropping it as a party would affect the Court's preliminary injunction order [ECF No. 89] that is currently on appeal at the Sixth Circuit. To be sure, the Court's preliminary injunction bars Defendants and those acting in concert or participation with them from implementing the challenged guidance documents against the Plaintiff States, including the State of Arizona and the political subdivisions, employers, citizens, and residents within its jurisdiction. ECF No. 86 at 46. If dropping the State of Arizona as a party *narrows* the scope of this Court's preliminary injunction order, that would likewise change the

2

scope of the preliminary injunction appeal over which the Sixth Circuit currently has jurisdiction.

There is a circuit split regarding the extent to which a district court can modify its preliminary injunction while the injunction is on appeal.[1] *See Planned Parenthood Great Nw., Hawaii, Alaska, Indiana, & Kentucky, Inc. v. Cameron*, No. 3:22-CV-198-RGJ, 2022 WL 5200186, at *2 (W.D. Ky. Oct. 5, 2022) (citing *Basicomputer Corp. v. Scott*, 973 F.2d 507, 513 (6th Cir. 1992)). The first line of cases submits that a district court only retains the power to modify its injunction pending appeal when doing to is "necessary to preserve the status quo between the parties."[2] *Id*. The second line of cases indicates a district court may modify an injunction to "preserve the integrity of the proceedings before the court of appeals." *Id.* (citing *George S. Hofmeister Fam. Tr. v. Trans Indus. of Indiana, Inc.*, 2007 WL 128932, at *2 (E.D. Mich. Jan. 12, 2007)); *Ortho Pharm. Corp. v. Amgen, Inc*., 887 F.2d 460, 464 (3rd Cir. 1989)). The Sixth Circuit has not taken a position on this circuit split, and this Court should proceed cautiously in dissolving or modifying the preliminary injunction while it is on appeal at the Sixth Circuit. *Cf. Planned Parenthood*, 2022 WL 5200186, at *3 ("Out of an abundance of caution and due to the unsettled jurisdiction of the Court to dissolve portions of the injunction while on interlocutory appeal, the Court does not believe it has the jurisdiction to dissolve these portions of the Preliminary Injunction at this time.").

---

[1] "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d).

[2] A grant of a preliminary injunction necessarily alters the status quo between the parties as it existed at the time a complaint is filed. *George S. Hofmeister Fam. Tr. v. Trans Indus. of Indiana, Inc.*, No. 06-CV-13984-DT, 2007 WL 128932, at *2 (E.D. Mich. Jan. 12, 2007). The relevant status quo for purposes of Rule 62 is thus "the new status quo between the parties that the court's grant of the injunction creates." *Id*.

3

Regardless of which side of the circuit split is correct, if the effect of dropping the State of Arizona as a party is to eliminate it from this Court's preliminary injunction, that would constitute a modification that goes beyond the scope of permissible modification under *either* interpretation of Rule 62. While the State of Arizona may certainly seek to drop itself as a party to this case once the Defendants' preliminary injunction appeal has been resolved, this Court currently appears to lack jurisdiction to grant the State of Arizona's request, and the same should be denied.

**B. Dropping the State of Arizona as a party would be improper under the Court's current stay order and would unfairly prejudice Co-Plaintiff States.**

The State of Arizona's insistence that this Court can essentially "proceed on the merits" to remove Arizona from the lawsuit, ECF No. 129 at 2, ignores the Court's order from five months ago staying all further proceedings in this matter pending resolution of Defendants' preliminary injunction appeal—a stay to which the State of Arizona did not object. ECF No. 111 at 5-6. The Court's stay order was intended to promote judicial economy and to preserve the resources of the parties while they focus their efforts on the pending appeal. *See id*. The State of Arizona blithely asks this Court to lift the stay to grant its motion while Co-Plaintiff States are in the middle of preparing for the April 26 oral argument at the Sixth Circuit and completing supplemental briefing requested by the panel of Judges Boggs, Larsen, and Nalbandian.[3]

Granting the State of Arizona's request to drop itself as a party at this point would be unfairly prejudicial to Co-Plaintiff States. The State of Arizona waited until after briefing finished and after the Sixth Circuit set the oral argument date to file its motion to drop. Counsel for Co-Plaintiff States are busy preparing for oral argument, which is just a few weeks away at this point. The State of Arizona has failed to consider the potential collateral consequences for

---

[3] The State of Arizona chose not to file a brief at the Sixth Circuit and will not be participating at oral argument.

4

Co-Plaintiff States of this Court granting the motion. In *Cosby v. KPMG, LLC*—a case cited by the State of Arizona in support of its motion, but in which there was no preliminary injunction, no appeal pending, and no opposition from other plaintiffs—the Court's granting of a motion to drop a party plaintiff pursuant to Fed. R. Civ. P. 15 and 21 resulted in the remaining plaintiffs being required to file an amended complaint within 14 days. No. 3:16-CV-121-TAV-DCP, 2020 WL 3529659, at *4 (E.D. Tenn. June 29, 2020).[4] Co-Plaintiff States should not be burdened with preparing and filing an amended complaint while further proceedings in this Court are stayed, while Defendants' preliminary injunction appeal remains pending, and while Co-Plaintiff States are preparing for oral argument at the Sixth Circuit.

The State of Arizona has failed to explain its sudden and belated change in position or why the Court should reopen proceedings at this late juncture. Arizona has not experienced any newfound prejudice that justifies vacating the stay to which it did not object. When the State of Arizona decided not to object to the stay of further proceedings, Arizona was already "publicly listed as a plaintiff in this Court" and as "an appellee in the Sixth Circuit." ECF No. 129 at 2. And Arizona already bore the minimal cost of "monitoring this Court's docket and the Sixth Circuit docket." ECF No. 129 at 2-3. These asserted prejudices are minor and a consequence of the State of Arizona's voluntary decisions to join this lawsuit and to seek a preliminary injunction. Further, while the Court retains jurisdiction and the ability under the stay of further proceedings to enforce its preliminary injunction order and to handle minor administrative matters, such as the appearance and withdrawal of counsel,[5] the State of Arizona's request to remove itself as a party (and

---

[4] The State of Arizona does not cite any case where a Court granted a motion to drop under Rule 21 over co-plaintiff's opposition while a defendant's preliminary injunction appeal was pending.
[5] The only action taken by this Court since issuing its stay order on November 3, 2022, has been the granting of three motions granting various counsel leave to appear *pro hac vice* and one motion allowing counsel to withdraw. ECF Nos. 114, 119, 125, 126.

5

effectively *narrow* the scope of the Court's preliminary injunction) goes far beyond those limits.

### C. Alternatively, the Court should treat the State of Arizona's motion as one for an indicative ruling under Rule 62.1 and defer or deny the motion.

Under Rule 62.1, a district court "may make certain indicative rulings on motions that the court lacks authority to grant because of a pending appeal." *Dice Corp. v. Bold Technologies*, 556 F. App'x 378, 382 (6th Cir. 2014). District court orders on indicative rulings are discretionary. *Id*. A district court may defer considering the motion, deny the motion, or state that it would grant the motion or that the motion raises a substantial issue. *See* Fed. R. Civ. P. 62.1(a). Because the Court currently lacks authority to grant the State of Arizona's request to drop itself as a party or to modify the scope of its preliminary injunction order, the Court could treat the State of Arizona's motion as one for an indicative ruling under Rule 62.1. *See, e.g.*, *Husted*, 2014 WL 6698763 (refusing to consider party's Rule 62.1 motion for indicative ruling "in order to avoid simultaneous jurisdiction [with the Sixth Circuit] over the same matter").

If this Court treats the State of Arizona's motion as a motion for an indicative ruling, Co-Plaintiff States suggest that deferring or denying the motion is the better course of action. When Co-Plaintiff States and the State of Arizona did not object to the stay of further proceedings, they believed the appeal would proceed promptly and without unnecessary delay. If the State of Arizona wanted the Sixth Circuit to remand for this Court to narrow the scope of the preliminary injunction, Arizona should have made that request *before* this Court stayed further proceedings, *before* the other parties completed briefing, and *before* the Sixth Circuit scheduled oral argument.

For the State of Arizona, there is no practical urgency for this Court to ask the Sixth Circuit to remand for the purpose of narrowing the preliminary injunction. Although this Court retains jurisdiction and the ability under the stay of further proceedings to enforce its own preliminary injunction order, Co-Plaintiff States have advised the State of Arizona that they will not ask the

Court to enforce the preliminary injunction against the Defendants as it pertains to the implementation of the challenged guidance documents against the State of Arizona. Of course, Co-Plaintiff States reserve the right to take any action necessary to protect themselves from Defendants' implementation of the challenged guidance documents against them. But if the State of Arizona does not want to avail itself of the preliminary injunction while the appeal is pending, then no other party will force Arizona to seek enforcement of the preliminary injunction.

## CONCLUSION

For all the foregoing reasons, Co-Plaintiff States respectfully request that the State of Arizona's motion to drop itself as a party be denied at this time or, alternatively, be deferred until such time as the Defendants' preliminary injunction appeal has been resolved and the Court's stay order has been lifted.

Dated: April 10, 2023  Respectfully submitted,

/s/ Steven J. Griffin (TN BPR No. 040708)
JONATHAN SKRMETTI
  *Attorney General and Reporter of Tennessee*
ANDRÉE S. BLUMSTEIN
  *Solicitor General*
BRANDON J. SMITH
  *Chief of Staff*
CLARK L. HILDABRAND
  *Senior Counsel*
STEVEN J. GRIFFIN
  *Assistant Attorney General*
Office of the Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
(615) 741-9598
steven.griffin@ag.tn.gov
**Counsel for State of Tennessee**

/s/ A. Barrett Bowdre
STEVE MARSHALL
  *Attorney General of Alabama*
KATHERINE G. ROBERTSON
  *Chief Counsel*
A. BARRETT BOWDRE*
  *Deputy Solicitor General*
State of Alabama
Office of the Attorney General
501 Washington Ave.
Montgomery, AL 36130
(334) 242-7300
Barrett.Bowdre@AlabamaAG.gov
**Counsel for State of Alabama**


/s/ Cori M. Mills
TREG R. TAYLOR
*Attorney General of Alaska*
CORI M. MILLS*
  *Deputy Attorney General*
State of Alaska
P.O. Box 110300
Juneau, AK 99811
(907) 465-3600
cori.mills@alaska.gov
**Counsel for State of Alaska**


/s/ Nicholas J. Bronni
TIM GRIFFIN
  *Attorney General of Arkansas*
NICHOLAS J. BRONNI*
  *Solicitor General*
Office of the Arkansas Attorney General
323 Center St., Suite 200
Little Rock, AR 72201
(501) 682-6307
nicholas.bronni@arkansasag.gov
**Counsel for State of Arkansas**

/s/ Stephen J. Petrany
CHRISTOPHER M. CARR
  *Attorney General of Georgia*
STEPHEN J. PETRANY*
  *Solicitor General*
Office of the Georgia Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334
(404) 458-3408
spetrany@law.ga.gov
**Counsel for State of Georgia**


/s/ Alan W. Foutz
RAÚL R. LABRADOR
  *Attorney General of Idaho*
DAVID M.S. DEWHIRST*
  *Chief Deputy Attorney General*
ALAN W. FOUTZ*
  *Deputy Attorney General*
Office of the Idaho Attorney General
P.O. Box 83720
Boise, ID 83720
(208) 334-2400
David.dewhirst@ag.idaho.gov
alan.foutz@ag.idaho.gov
**Counsel for State of Idaho**


/s/ Thomas M. Fisher
THEODORE E. ROKITA
  *Attorney General of Indiana*
THOMAS M. FISHER*
  *Solicitor General*
Office of the Indiana Attorney General
IGC-South, Fifth Floor
302 West Washington St.
Indianapolis, IN 46204
(317) 232-6255
Tom.Fisher@atg.in.gov
**Counsel for State of Indiana**

8

/s/ Kurtis K. Wiard
KRIS W. KOBACH
  *Attorney General of Kansas*
KURTIS K. WIARD*
  *Assistant Solicitor General*
Office of the Kansas Attorney General
120 S.W. 10th Ave.
Topeka, KS 66612
(785) 296-2215
kurtis.wiard@ag.ks.gov
**Counsel for State of Kansas**

/s/ Marc Manley
DANIEL CAMERON
  *Attorney General of Kentucky*
MARC MANLEY*
  *Assistant Attorney General*
COURTNEY E. ALBINI
  *Assistant Solicitor General*
Office of the Kentucky Attorney General
700 Capital Ave., Suite 118
Frankfort, KY 40601
(502) 696-5300
Marc.Manley@ky.gov
**Counsel for Commonwealth of Kentucky**

/s/ Elizabeth B. Murrill
JEFF LANDRY
  *Attorney General of Louisiana*
ELIZABETH B. MURRILL*
  *Solicitor General*
J. SCOTT ST. JOHN*
  *Deputy Solicitor General*
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6766
emurrill@ag.louisiana.gov
stjohnj@ag.louisiana.gov
**Counsel for State of Louisiana**

/s/ Justin L. Matheny
LYNN FITCH
  *Attorney General of Mississippi*
JUSTIN L. MATHENY*
  *Deputy Solicitor General*
State of Mississippi
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205
(601) 359-3680
justin.matheny@ago.ms.gov
**Counsel for State of Mississippi**

/s/ Joshua Divine
ANDREW BAILEY
  *Attorney General of Missouri*
JOSHUA DIVINE
  *Solicitor General*
CHARLES F. CAPPS*
  *Deputy Solicitor General*
Office of the Missouri Attorney General
P.O. Box 899
Jefferson City, MO 65102
(573) 751-8870
Josh.Divine@ago.mo.gov
**Counsel for the State of Missouri**

/s/ Christian B. Corrigan
AUSTIN KNUDSEN
  *Attorney General of Montana*
CHRISTIAN B. CORRIGAN*
  *Solicitor General*
Office of the Montana Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620
(406) 444-2707
Christian.Corrigan@mt.gov
**Counsel for State of Montana**

/s/ Eric J. Hamilton
MICHAEL T. HILGERS
  *Attorney General of Nebraska*
ERIC J. HAMILTON**
  *Solicitor General*
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
(402) 471-6933
eric.hamilton@nebraska.gov
***Counsel for State of Nebraska***

/s/ Benjamin M. Flowers
DAVE YOST
  *Attorney General of Ohio*
BENJAMIN M. FLOWERS*
  *Solicitor General*
Office of the Ohio Attorney General
30 E. Broad St., 17th Floor
Columbus, OH 43215
(614) 446-8980
bflowers@OhioAGO.gov
***Counsel for State of Ohio***

/s/ Zach West
GENTER F. DRUMMOND
  *Attorney General of Oklahoma*
ZACH WEST*
  *Assistant Solicitor General*
Office of the Attorney General
State of Oklahoma
313 N.E. 21st St.
Oklahoma City, OK 73105
(405) 522-4798
Zach.West@oag.ok.gov
***Counsel for State of Oklahoma***

/s/ J. Emory Smith, Jr.
ALAN WILSON
  *Attorney General of South Carolina*
J. EMORY SMITH, JR.*
  *Deputy Solicitor General*
Office of the South Carolina Attorney General
P.O. Box 11549
Columbia, SC 29211
(803) 734-3680
esmith@scag.gov
***Counsel for State of South Carolina***

/s/ Paul Swedlund
MARTY J. JACKLEY
  *Attorney General of South Dakota*
PAUL SWEDLUND**
  *Assistant Attorney General*
Office of the South Dakota Attorney General
1302 East Highway 14, Suite 1
Pierre, SD 57501
(605) 773-3215
paul.swedlund@state.sd.us
***Counsel for State of South Dakota***

/s/ Lindsay S. See
PATRICK MORRISEY
  *Attorney General of West Virginia*
LINDSAY S. SEE*
  *Solicitor General*
Office of the West Virginia Attorney General
State Capitol Bldg. 1, Room E-26
Charleston, WV 25305
(681) 313-4550
lindsay.s.see@wvago.gov
***Counsel for State of West Virginia***

**\* Admitted Pro Hac Vice**
**\*\* Pro Hac Vice Application Pending**