UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THE STATE OF TENNESSEE, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) Case No. 3:21-cv-308 |
| v. | ) |
| | ) Judge Atchley |
| | ) |
| UNITED STATES DEPARTMENT OF | ) Magistrate Judge Poplin |
| EDUCATION, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**ORDER**

Before the Court is the Motion to Drop State of Arizona as a Party [Doc. 129], seeking to drop Arizona as a party to this action pursuant to Federal Rule of Civil Procedure 21. Defendants do not oppose the Motion, but all remaining Plaintiff States do oppose (the "Co-Plaintiffs").

On July 15, 2022, the Court denied Defendants' Motion to Dismiss [Doc. 49] and granted Plaintiffs' Motion for Preliminary Injunction [Doc. 10]. [Doc. 86]. The Court enjoined Defendants from implementing against the Plaintiff States the agency documents challenged in this action. [Doc. 86]. On September 13, 2022, Defendants filed a Notice of Appeal [Doc. 100] as to the Court's Memorandum Opinion and Order [Doc. 86]. The United States Court of Appeals for the Sixth Circuit recently issued an opinion affirming the Court's issuance of the injunction [Doc. 101-2], but a mandate has not yet issued.

Several months after the appeal, on March 27, 2023, the State of Arizona filed its Motion to Drop State of Arizona as a Party [Doc. 129]. Following the Sixth Circuit's decision, Arizona renews its request to be dropped as a party. [Doc. 153].

In its Motion [Doc. 129], the State of Arizona shows that it no longer wishes to be a Plaintiff

in this action. Anticipating opposition from its Co-Plaintiffs, Arizona argues Co-Plaintiffs' consent is not necessary. The State argues that though the preliminary injunction order was appealed, the appeal did not divest this Court of jurisdiction to proceed with the action on the merits. Given this authority, Arizona argues that the Court can certainly do something as simple as grant a plaintiff's request to be dropped from the action. Arizona also argues there is no prejudice to any other party if it is removed from the case, while forcing the State to remain a Plaintiff requires it to devote resources to litigation it no longer wishes to pursue.

In their Response [Doc. 131], Co-Plaintiffs argue that the Court likely lacks jurisdiction to drop the State of Arizona as a party while Defendants' preliminary injunction appeal is pending. Co-Plaintiffs argue that while a district court retains jurisdiction as to some aspects of the case, it may not alter or enlarge the scope of any judgment pending appeal. Specifically, Co-Plaintiffs argue that if dropping the State of Arizona as a party narrows the scope of the preliminary injunction, that would likewise change the scope of the appeal. Finally, Co-Plaintiffs argue there is a split of authority regarding the extent to which a district court can modify a preliminary injunction while the injunction is on appeal under Federal Rule of Civil Procedure 62(d). According to Co-Plaintiffs, granting the motion is not justified under either of the prevailing approaches.

The State of Arizona's reply urges that Rule 21 is governed by a liberal standard and Co-Plaintiff's desire to force Arizona to remain in this litigation is not a justification for denial. Arizona emphasizes that an appeal from an order granting a preliminary injunction does not divest the Court of jurisdiction. According to Arizona, the Court's "judgment" will not be enlarged because there is no judgment, and the preliminary injunction does not need to be modified in order to drop Arizona as a party.

"As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals." *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). However, "an appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits." *Zundel v. Holder*, 687 F.3d 271, 282 (6th Cir. 2012). The Sixth Circuit has explained that "[a]lthough a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment." *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007) (holding district court erred by issuing injunction during appeal).

The State of Arizona urges that there has been no "judgment" here, so the precedent prohibiting a court from altering or enlarging a judgment while it is on appeal simply does not apply. Arizona cites no supporting authority on this point. In some contexts, courts treat a preliminary injunction as a judgment, for example, in considering a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *S.B. ex rel M.B. v. Lee*, 567 F. Supp.3d 850, 855-56 (E.D. Tenn. 2021) ("The Court's order granting a preliminary injunction . . . is a judgment for purposes of Rule 59(e)."). So it is possible that this precedent applies even though a traditional judgment has not entered.

Second, the Court is not persuaded by Arizona's contention that dropping the State as a party requires no modification of the preliminary injunction order. This may be true in a literal sense because the Order enjoins the Defendants from implementing certain documents "against Plaintiffs." But dropping Arizona as a party would substantively narrow the scope of the injunction – Defendants would presumably no longer be enjoined from enforcing the subject documents against the State of Arizona. Such a change is far more salient than whether the Order would need to be reworded to omit reference to Arizona.

Because the scope of the preliminary injunction would be "modified" by dropping Arizona as a party, the Court turns to Federal Rule of Civil Procedure 62. The Rule provides, in pertinent part:

> While an appeal is pending from an interlocutory order . . . that grants . . . an injunction, the court may . . . modify an injunction on terms for bond or other terms that secure the opposing party's rights.

Fed. R. Civ. P. 62(d).

"The Sixth Circuit has recognized that there is a circuit split regarding the extent to which a district court can modify its preliminary injunction while it is on appeal." *Planned Parenthood Great Nw., Hawaii, Alaska, Indiana & Kentucky, Inc. v. Cameron*, Civ. Act. No. 3:22-cv-198-RGJ, 2022 WL 5200186, at *2 (W.D. Ky. Oct. 5, 2022) (citing *Basicomputer Corp. v. Scott*, 973 F.2d 507, 513 (6th Cir. 1992)). In *Basicomputer*, the Sixth Circuit noted that, at the time, three circuits had limited a district court's authority to modify an injunction pending appeal to modifications that preserve the status quo. 973 F.2d at 513. Two other circuits had concluded that, in some circumstances, "the district court may alter the status quo by modifying an injunction during the pendency of an appeal." *Id.* In *Basicomputer*, the Sixth Circuit held that the lower court's order was based on an erroneous view of state law, so it did not reach the issue of the district court's authority to modify an appealed injunction.

The parties cite no authority to suggest that the Sixth Circuit has resolved this question in the 30 years since the *Basicomputer* decision. If a district court's authority to modify a preliminary injunction is limited to maintaining the status quo, it seems clear that removing a plaintiff would be impermissible. Defendants' obligations under the injunction would materially change. The alternate view is that a district court can "modify an injunction to preserve the integrity of the proceedings before the court of appeals." *Planned Parenthood*, 2022 WL 5200186; *see Graveline*

*v. Johnson*, 2018 WL 4184577, *2-3 (E.D. Mich. Aug. 30, 2018) ("[T]he Court finds that its jurisdiction is limited; it may only act to: (1) preserve the status quo between the parties; or (2) preserve the integrity of the proceedings before the court of appeals."). Narrowing the scope of the preliminary injunction in this case preserves neither the status quo nor the integrity of the proceedings before the court of appeals.

Modification to the preliminary injunction is particularly questionable in this case because Plaintiffs' standing to bring this action is the focal point of the preliminary injunction order and the Sixth Circuit's opinion. As the Sixth Circuit explained, the States had to show a substantial likelihood of standing to be entitled to a preliminary injunction. [Doc. 101-2 at 7]. "If any State can't make this showing, we must deny it preliminary relief, but we don't have to dismiss the State from the case, as long as one State has standing." [*Id.*]. In its sovereign interest analysis, the Sixth Circuit noted, for example, that "several states" had conflicting policies in place at the time the complaint was filed. [*Id.* at 16]. The Court ultimately concluded that "all twenty States have a substantial likelihood of standing under a procedural-rights theory." [*Id.* at 17]. Nonetheless, the Plaintiff-specific inquiry demonstrates that dropping one State as a party could conceivably impact the issues on appeal.

It is, admittedly, somewhat confounding that a plaintiff can be forced to remain a party to litigation it no longer wishes to pursue. But this is not as novel as the State of Arizona suggests. Indeed, Federal Rule of Civil Procedure 41 permits a plaintiff to dismiss an action without a court order in limited circumstances: by dismissing the action before the opposing party serves an answer or motion for summary judgment or by filing a stipulation of dismissal "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ.
5

P. 41(a)(2). So even if all Plaintiffs wanted to dismiss this action in its entirety, they wouldn't be able to do so without either the consent of all parties who have appeared or a Court order. Parties are always free to resolve their disputes privately. But once they choose to bring their dispute into federal court, the Federal Rules of Civil Procedure govern how and under what circumstances parties and claims can be dismissed or dropped.

Removing the State of Arizona from this lawsuit would necessarily modify the preliminary injunction order. And it could conceivably impact the issues on appeal, as various standing theories have been advanced. Under these circumstances, the Court will not disturb the status quo. Accordingly, the Motion to Drop State of Arizona as a Party [Doc. 129] is **DENIED WITHOUT PREJUDICE**. Following the conclusion of the appeal, the Court will promptly address a renewed motion by the State of Arizona pursuant to Rule 21.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**