UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THE STATE OF TENNESSEE, *et al.*, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> EDUCATION, *et al.*, ) <br> ) <br> *Defendants*. ) | Case No. 3:21-cv-308 <br><br> Judge Atchley <br><br> Magistrate Judge Poplin |

## **ORDER**

On July 10, 2024, the Court ordered the parties to confer and submit a joint status report stating what issues remain for decision in this case, their efforts at resolving the matter, and a proposed schedule for the remainder of the proceedings. [Doc. 152]. By way of background, the Court issued a preliminary injunction on July 15, 2022, and stayed the case on November 3, 2022. The United States Court of Appeals for the Sixth Circuit affirmed issuance of the injunction on June 14, 2024. [Doc. 143]. In the interim, the Federal Register published a final rule amending the Department of Education's Title IX regulations. [*See* Doc. 143 at 8 n.1].

The parties' Joint Status Report [Doc. 158] identifies several other things that happened during the pendency of the appeal. First, on October 1, 2022, the U.S. District Court for the Northern District of Texas declared unlawful and vacated the EEOC's Technical Assistance Document. *See Texas v. E.E.O.C.*, 633 F. Supp.3d 824 (N.D. Tex. 2022). The EEOC did not appeal that decision. The parties show that since the Technical Assistance Document no longer has any legal effect, Plaintiff States' claims relating to that document are now moot.

Second, on June 11, 2024, another district judge in the Northern District of Texas issued a

final judgment declaring unlawful the same Title IX guidance documents at issue here – the Department of Education's Notice of Interpretation, Dear Educator Letter, and Fact Sheet. *Texas v. Cardona*, Civ. Action No. 4:23-cv-00604-O, 2024 WL 2947022 (N.D. Tex. June 11, 2024). On August 5, 2024, the district court granted the State of Texas's motion to amend/correct, vacated its memorandum opinion and order, and issued a corrected, superseding memorandum opinion and order. The August 5th memorandum opinion and order supersedes the prior order, correcting certain clerical errors and clarifying the scope of declaratory and injunctive relief. The central holding remains unchanged. *See Texas v. Cardona*, Civ. Action No. 4:23-cv-00604-O, 2024 WL 3658767 (N.D. Texas Aug. 5, 2024) ("[T]he Court holds that Defendants engaged in unlawful agency action taken in excess of their authority, all while failing to adhere to the appropriate notice-and-comment requirements when doing so."). A final judgment was entered August 5, 2024, so the 60-day deadline to seek appellate review of the Northern District of Texas's ruling has not yet expired.

Counsel for Defendants represent that the Department has not yet decided whether it will appeal the vacatur of the Title IX guidance documents in the Texas litigation. [Doc. 158]. If the Department does not appeal that ruling, the parties agree that Plaintiffs' claims challenging the guidance documents in this case will be moot. If Defendant does appeal, the parties contend this case should proceed to briefing on dispositive motions. While the parties do not expressly seek a stay, they do not request that any deadlines be set at this time. Rather, they propose to file another status report in 90 days, or within 7 days of either the deadline to appeal in the Texas case or the filing of an appeal in the Texas case, whichever occurs earlier.

The Court agrees that this litigation should not proceed when Plaintiffs' claims could soon be moot. So a stay is appropriate in the event the Department decides not to appeal the Northern

2

District of Texas judgment. But a stay is also appropriate if the Department does decide to appeal. The parties suggest that if Defendant appeals in the Texas case, dispositive motion briefing should proceed here. The Court disagrees. The Court is not inclined to issue a merits decision when a nearly identical challenge to the same regulatory documents is before a circuit court. Rather, the Court would await the decision of the United States Court of Appeals for the Fifth Circuit.

The Department has, moreover, amended the regulations implementing Title IX to clarify the scope and application of Title IX and the obligations of recipients of financial assistance with respect to discrimination on the basis of sex. A final rule was published in the Federal Register in April 2024 and final regulations became effective on August 1, 2024. As the court noted in *Texas v. Cardona*, at least seven lawsuits were filed to prevent the final rule from taking effect and a number of district courts have preliminarily enjoined enforcement of the final rule. *Texas v. Cardona*, 2024 WL 3658767 at * 5 (collecting cases).

On this shifting legal landscape, the Court finds it appropriate to administratively close this action. An administrative closure is effectively identical to a stay from a litigant's perspective. This is so because an administrative closure is for administrative purposes only – it does not constitute a final decision on the merits, or indeed any substantive decision at all. Rather, "[a]dministrative closures are a tool of docket management." *Rodriguez v. Hirschberg Acceptance Cor.*, 62 F. 4th 270, 274 (6th Cir. 2023). They allow courts to remove cases from their active files without making any final adjudication. *Id.* (quoting *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004)). "The closing has no effect other than to remove a case from the district court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Id.* (cleaned up, citation omitted).

Here, Plaintiffs' challenge to the guidance documents will either become moot or a nearly

3

identical challenge will be before the Fifth Circuit. This case has already been pending for nearly three years and stayed for over a year and a half. The Court cannot know what contingencies may extend the Texas proceedings if an appeal is taken; it is not uncommon for appellate review to take years, not months. Given these possibilities and the likely duration of any appeal, the Court finds that administrative closure is the most appropriate course of action.

Accordingly, it is **ORDERED** that this case is **ADMINISTRATIVELY CLOSED** until further order of the Court. This closure is for administrative purposes only and does not constitute a final decision on the merits, nor does it impact any claims or defenses that may be asserted in this action. The preliminary injunction [Doc. 86] remains in effect.

The Court will entertain a motion to reopen by either party at any time, including for the purpose of setting a briefing schedule or dismissing the case with or without prejudice. The motion need not be lengthy; it must only advise the Court of the basis for reopening. The parties are urged to file a joint request to reopen if possible. The parties are put **ON NOTICE** that the Court will not take further action in this matter absent a request to reopen.

Finally, the parties are **ORDERED** to notify the Court within **7 days** if a notice of appeal is filed in the Texas litigation or the deadline to appeal expires without an appeal being filed. The Clerk is **DIRECTED** to administratively close this case.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**